**Raney BROOKS, Jeanetter Brooks, Plaintiffs,**

**v.**

**Stephen ROSIERE, Individually and as a Police Officer of the City of New Orleans Through the New Orleans Police Department, Fred McFarlane, Individually and as a Police Officer of the City of New Orleans Through the New Orleans Police Department, Henry Morris, Individually and as Chief or Commissioner of Police of the City of New Orleans Through the New Orleans Police Department, The City of New Orleans, Reynard Rochon, Individually and as Chief Administrator For the City of New Orleans, Transit Casualty Company, American Centennial Insurance Co., Defendants.**

Civ. A. No. 83-5962.

United States District Court, E.D. Louisiana.

April 24, 1984.

---

Trevor G. Bryan, New Orleans, La., for plaintiffs.

J. Michael Johnson, Debra J. Fischman, New Orleans, La., for defendants.

Harry Rosenberg, New Orleans, La., for defendant Stephen Rosiere.

## MEMORANDUM OPINION AND ORDER

CASSIBRY, Senior District Judge:

Plaintiffs seek to remand this case to state court for defendants' failure to comply with the removal procedure set out in 28 U.S.C. § 1446. Section 1446 requires a defendant to petition for removal within 30 days of service upon him. Stephen Rosiere, the first defendant served in this case, did not petition for removal within 30 days.

Suit was filed in Civil District Court for the Parish of Orleans, State of Louisiana, on October 6, 1983 against Rosiere and another police officer, the City of New Orleans, two of its officials and its insurer. The original service instructions asked that service be held on the two police officers. Once Rosiere's address was discovered, service was made on him.

Rosiere was served first, on November 8, 1983. The remaining defendants, with the exception of Officer McFarlane, were served on November 9, 10, and 14, 1983. On December 8, 1983, all defendants except Rosiere and McFarlane filed their petition for removal in federal court. In the petition for removal, defendants stated that Rosiere and McFarlane had not been served.

A removal petition must be filed within thirty days of receipt of service and all defendants who may properly join in the petition must do so within the required time. *Tri-Cities Newspaper, Inc. v. Tri-Cities Printing Pressman and Assistants Local 349*, 427 F.2d 325 (5th Cir.1970); *Intercoastal Refining Co., Inc. v. Jalil*, 487 F.Supp. 606 (S.D.Tex.1980). Since unanimity is required for removal, the rule has evolved that if the first defendant served does not file a petition for removal within thirty days of service, he waives his right to remove. Thus, subsequently-served defendants who attempt to remove within thirty days of their service may not do so since they can no longer include the first defendant in their petition for removal. *Friedrich v. Whittaker Corp.*, 467 F.Supp. 1012, 1014 (S.D.Tex.1979). The rule of una-

nimity does not require that all defendants sign the same petition for removal. All that the rule demands is that each defendant petition for removal, either independently or by joining in or consenting to another defendant's petition, within thirty days of service upon the first defendant served. *See Albonetti v. GAF Corporation—Chemical Group*, 520 F.Supp. 825, 828 (S.D.Tex.1981).

Defendants seek to excuse their oversight in not including Rosiere in the petition in a number of ways. First, defendants report that they inquired of the Orleans Parish Civil Sheriff as to which defendants had been served. Counsel for the removing defendants represented to the court that they were not informed that Rosiere had been served. It is not stated, however, exactly when this inquiry was made.

■ In addition, Rosiere states in his memorandum in opposition to the motion for remand that the state court record did not reflect service upon Rosiere on December 8, 1983 when the removing defendants filed their petition for removal. The citation served on Rosiere on November 8, 1983, however, bears the file stamp of the Civil District Court with the date of November 21, 1983. In the absence of any statement by the removing defendants that they examined the record after November 21 and found that it did not contain the citation and record of service of process, this court is constrained to presume that the document was made a part of the state court record on the date stamped.

Since the state court record in this case reflected service upon Rosiere more than two weeks prior to the filing of defendant's petition for removal, the court is not persuaded of the applicability of the non-served defendant exception to this case. This exception to the joinder requirement of section 1446 appears in *Driscoll v. Burlington-Bristol Bridge Co.*, 82 F.Supp. 975 (D.N.J.1949), upon which defendants rely for the proposition that the failure to join a previously-served defendant whom petitioners did not know had been served is not a

fatal defect in the petition for removal. In *Driscoll*, however, the state records did not reveal that service had been effected upon the defendants not joined in the petition. *See Albonetti*, 520 F.Supp. at 828.

■ A second reason not to extend the *Driscoll* exception to this action is the ease with which this contest over forum might have been avoided. Rosiere, the first-served defendant, could have petitioned for removal on his own in a timely fashion. He did not do so. Defendants now seek to elude the requirements of section 1446 by providing the court with a motion by Rosiere for leave to join the removal petition at this late stage. Rosiere claims never to have opposed removal and now "unequivocally consents" to it. Rosiere's motion for leave to join in the removal petition was filed on February 7, 1984, long after the thirty-day limit had expired. Failure of a defendant to seek removal within the thirty day time limitation may not be cured retroactively by consenting to and joining a subsequently served defendant's petition for removal. *Friedrich*, 467 F.Supp. at 1014.

■ Defendants further urge that plaintiffs have waived any objection to the defect in the removal petition. The failure of a defendant to join in a removal petition or consent to such action within the thirty day time limit is a waivable, non-jurisdictional defect. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983). Defendants claim the plaintiffs waived their objection to removal by consenting to an extension of time for Rosiere to file an answer in the federal court proceedings. This extension of courtesy on the part of plaintiffs' attorneys, however, is not conduct evidencing an intent to waive objections to removal. Plaintiffs' conduct, at most, was merely intended to accommodate the defendant. Plaintiffs' action would be seriously misconstrued if it were interpreted as an affirmative step evincing an intent to use the federal court for the adjudication of their claims. *See Maybruck v. Haim*, 290 F.Supp. 721, 724 (S.D.N.Y.1968). *Cf. Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612

(1972) (right to object to removal waived by going to trial on the merits); *Fontenot v. Global Marine, Inc.,* 703 F.2d 867 (5th Cir.1983) (right to object waived by engaging, *inter alia,* in motion practice); *Harris v. Edward Hyman Co.,* 664 F.2d 943 (5th Cir.1981) (right to seek remand waived by participating in discovery).

■ Defendants would also have the court employ 28 U.S.C. § 1653 as a vehicle for the cure of the petition's defect. Section 1653 permits defective pleadings to be amended to show jurisdiction. There is, however, no defect in the allegations of the basis for federal jurisdiction in the removal petition which would call for amendment pursuant to section 1653. The petition clearly alleges the existence of a federal question in this case. The defect in the petition is the failure of all defendants to petition for removal in a timely manner. A defect of this nature in the removal petition is not curable by amendment under section 1653. *Maybruck,* 290 F.Supp. at 723.

■ Defendants' final argument in aid of their effort to escape the mandate of the rule is that considerations of judicial economy call for the retention of federal jurisdiction in order that this case may be transferred and consolidated with a related case presently pending in another court of this District. Plaintiffs have raised two objections to this suggestion. First, they take issue with defendants' representation of the degree of relatedness of the two cases. It is the plaintiffs' position that the two cases are factually divergent and present different questions of law. Plaintiffs, therefore, dispute whether consolidation would be either appropriate or contribute to judicial economy. However, in view of plaintiffs' second objection to retention of federal jurisdiction, we need not decide whether to overturn plaintiffs' choice of forum merely to achieve a dubious saving of judicial time and resources. Plaintiffs contend, and the court agrees, that if removal is found to have been improvidently granted, remand is mandatory and the court lacks jurisdiction to transfer the case to another federal court.

In sum, the defendants had an opportunity to counter plaintiffs' choice of forum within the confines of the removal procedure. Stephen Rosiere, the first-served defendant, did not remove within the thirty-day period prescribed by section 1446, thereby waiving his right to remove and depriving the other defendants of the ability to remove. The removing defendants might have consulted the state court record and joined Rosiere in their petition to remove but they did not. This defect cannot be cured by the retroactive consent of the non-joining defendant, Rosiere, to the petition. Nor, for the reasons given above, can plaintiffs be considered to have waived their objection to removal in this case.

In the opinion of the court, removal was improvidently granted and remand is mandatory. Accordingly, plaintiffs' motion for remand of the case to the Civil District Court, Parish of Orleans, State of Louisiana, is GRANTED.