GETTY OIL CORPORATION,
Appellant,

v.

Carl DUNCAN, et al., Appellees.

No. 13–85–343–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 13, 1986.

Rehearing Denied Dec. 18, 1986.

Otto D. Hewitt, III, Ervin A. Apffel, Jr., Houston, Dean Page Keeton, Austin, for appellant.

Ernest H. Cannon, Otway B. Denny, Don Weitinger, Houston, Russell H. McMains, Corpus Christi, for appellees.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

Kewpie Duncan, individually and as representative of Carl Duncan's estate, Carl Duncan, Jr., and Lena Brookshire brought suit against Getty Oil Corporation,[1] Baroid

---

1. Texaco, Inc., succeeded Getty Oil Corporation.

Petroleum Services,[2] Joe Rimes, and Tony Roa. The plaintiffs brought suit for the wrongful death of Carl Duncan. Getty Oil filed cross-claims against the other defendants for negligence, products liability, breach of warranties, and contractual indemnification. The jury found Getty Oil to be negligent, to the exclusion of all other defendants, and awarded damages solely against Getty Oil. After submission to this Court, Getty Oil settled with all plaintiffs, and all issues involving the settling parties were remanded to the trial court for the entry of an Order of Dismissal.

The only parties remaining before this Court on appeal are Getty Oil and the cross-defendants, Baroid Petroleum Services, Joe Rimes, and Tony Roa. The vast majority of the points of error on this appeal involve issues between the plaintiffs and Getty Oil, and were dismissed by the settlement.

■ Getty did not raise any points of error regarding its cross-claim for breach of warranties. It does complain of the sufficiency of the evidence to support the jury's finding that Getty was solely negligent, as well as the "general" form of the negligence issue submitted. The Supreme Court, in *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819 (Tex.1984), held that the right of contribution does not extend to a settling tortfeasor. Although this holding appears to extinguish Getty's right to contribution, the language is not construed without qualification. In *Bonniwell*, the contribution claimant was not a judgment debtor; the settlement was not reduced to judgment. By contrast, the instant case involves a post-judgment settlement. There exists a valid judgment disposing of all the parties and issues made the basis of the suit. The cross-defendants cannot be subjected to further liability by the plaintiff. Therefore, the post-judgment settlement does not extinguish appellate review of Getty's contribution claims against the cross-defendants. *See Iowa Manufacturing Co. v. Weisman Equipment Co.*, 667 S.W.2d 209, 212–14 (Tex.

App.—Austin 1983, writ ref'd n.r.e.); see also *Beaumont Coca Cola Bottling Co. v. Cain*, 673 S.W.2d 338, 339 (Tex.App.—Beaumont 1984, no writ) (concurring with *Iowa Manufacturing* in denying a claim for contribution for lack of judgment debtor status); *Callihan Interests, Inc. v. Duffield*, 385 S.W.2d 586, 587 (Tex.Civ.App.—Eastland 1964, writ ref'd) (claimant seeking contribution following an agreed judgment).

Carl Duncan was an independent contractor working for Getty. While welding on a Getty oil well, a barrel containing a flammable liquid exploded causing Duncan to be severely burned. The chemical, supplied by NL Treating Chemicals, was approximately six feet from where Duncan was welding. A "flammable liquid" warning was affixed to the barrel. Appellee Roa works for appellee Joe Rimes' well service company, servicing the Getty lease. Roa accompanied Duncan on the welding job.

In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex. 1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960).

■ Roa testified that Bill Lackey, a Getty foreman, pulled him out of his regular crew and sent him to aid Duncan. The evidence shows that the Getty foreman failed to perform a "hot work checklist," as required by the Getty safety manual. A "hot work checklist" consists of a supervisor inspecting the site to make the area safe for a welder. Lackey testified that the barrel should have been moved prior to Duncan's welding. There is no evidence that either Roa or Rimes was negligent or the cause of the accident. Further, the

---

**2.** A division of NL Industries, Inc., and NL Treating Chemicals.

evidence does not support Getty's contention of a warning defect by NL Treating, as a "flammable liquid" warning was affixed to the barrel. There is sufficient evidence to support the jury's findings that Getty alone was negligent and the sole proximate cause of the injury. There is sufficient evidence that the incident would not have occurred, but for Getty's failure to make the area safe.

The contractual indemnification clauses between Getty and the cross-defendants deny indemnification if Getty is liable based solely on negligence. The only liability issues submitted against Getty are negligence issues. In addition, in order for a settling indemnitee to recover the amount of the settlement from the indemnitor, the indemnitee must show a potential liability and that his settlement was reasonable, prudent and in good faith under the circumstances. *Fireman's Fund Insurance Co. v. Commercial Standard Insurance Co.*, 490 S.W.2d 818, 824 (Tex.1972). In the instant case, because no potential liability existed by Getty Oil under a products liability theory,[3] and because the contractual indemnification clauses preclude indemnification for liability based on negligence, Getty Oil had no entitlement to indemnification from the cross-defendants.

The remaining points of error, regarding Getty's cross-claims, are overruled. Also, appellees' (plaintiffs below) motion to strike appellant's points of error is now moot. The judgment of the trial court is AFFIRMED.

---

3. No products liability special issues were submitted against Getty Oil.