**GETTY OIL CORPORATION, Succeeded by and a DIVISION OF TEXACO, INC., Plaintiff-Appellant,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, et al., Defendants-Appellees.**

No. 87–2074.

United States Court of Appeals, Fifth Circuit.

April 13, 1988.

Otto D. Hewitt, III, Ervin A. Apffel, Jr., Kenneth J. Bower, McLeod, Alexander, Powel & Apffel, Galveston, Tex., E. D. Vickery, Houston, Tex., for Getty Oil.

Byron Lee, Coats, Yale, Holm & Lee, Houston, Tex., for Insurance Co. of North America.

Tom Lorance, William K. Luyties, Lorance & Thompson, Houston, Tex., for Companies Collective.

John C. Allen, Houston, Tex., for N.L. Industries.

Before THORNBERRY, GARWOOD, and HIGGINBOTHAM, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff-appellant "Getty Oil Corporation, Succeeded by and a Division of Texaco, Inc." (Getty), brought this action against defendants-appellees Insurance Company of North America (INA), Companies Collective, and NL Industries, Inc. (NL) in a Texas court. INA, joined by Companies Collective and subsequently by NL, filed a petition for removal pursuant to 28 U.S.C. §§ 1441(b) and 1446(a), and the case was removed to the United States District Court for the Southern District of Texas. Alleging defects in the removal petition and the lack of federal jurisdiction, Getty filed a motion to remand. Without addressing the jurisdictional issue or ruling on the motion to remand, the district court entered a final judgment dismissing the action on the merits. Getty appeals. We vacate the judgment of the district court and remand the case for a determination of jurisdiction and for consideration of the other matters as set forth in this opinion.

### Facts and Proceedings Below

In 1983, Getty and NL entered into a contract in which NL agreed to furnish certain chemicals for Getty's oil well operations. The contract, which provided that NL would maintain insurance with insurers acceptable to Getty, required that all insurance coverage carried by NL extend to and protect Getty. The contract also provided that NL would indemnify Getty for damages arising from NL's performance under the contract, but not for damages arising from Getty's sole negligence.

Shortly after the parties entered into this agreement, a barrel of chemicals manufactured and supplied by NL exploded on one of Getty's oil wells, killing an employee named Carl Duncan. Duncan's survivors brought a wrongful death action in a Texas court against Getty and NL, and Getty filed a cross-claim therein against NL for contribution and contractual indemnification. After trial, the jury found that Getty alone was responsible for the accident. In accordance with this finding, the Texas trial court entered a $28,000,000 judgment against both Getty and its parent company, Texaco, Inc., and denied Getty's cross-action against NL. Getty settled with the plaintiffs and appealed the denial of its cross-claim. The Texas appellate court affirmed, stating that the contract between Getty and NL precluded indemnification for liability based solely on Getty's negligence. *See Getty Oil Corp. v. Duncan,* 721 S.W.2d 475, 477 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.).

Getty then filed an insurance claim against NL's insurers, INA and Companies Collective, as an additional insured under NL's policies. Both insurers refused to honor the claim. Consequently, Getty filed the instant suit in state court naming NL, INA, and Companies Collective as defendants. In this action, Getty claimed that INA and Companies Collective breached their contractual obligation to defend Getty in the *Duncan* case and to pay Getty's insurance claim for the losses arising from that case. Getty also claimed that if it was not covered as an additional insured under the insurance policies carried by NL, then NL breached its contractual obligation to procure insurance for Getty.[1] INA was served on September 3, 1986, Companies Collective was served on September 5, 1986,[2] and NL was served on September 24, 1986.

On September 26, 1986, INA filed a petition for removal to the federal district court pursuant to 28 U.S.C. § 1441, which permits the removal of certain cases that fall within the original jurisdiction of the federal district courts. Companies Collective joined in the original removal petition, and NL joined in the petition on October 24, 1986.

In the removal petition, INA maintained that the district court had original jurisdiction of the case on the basis of diversity of citizenship under 28 U.S.C. § 1332. INA alleged in the petition that NL was a corporation organized and existing under the laws of New Jersey, that INA was a Pennsylvania corporation with a principal place of business in Pennsylvania, and that Companies Collective "is foreign insurers not citizens of" Texas. INA further stated that Getty, a Delaware corporation, had its principal place of business in California, and that Texaco, also a Delaware corporation, had its principal place of business in New York.

On October 20, 1986, Getty moved to remand the case to the state court pursuant to 28 U.S.C. § 1447(c), requiring remand of any case removed improvidently and without jurisdiction. Getty asserted that the case was improvidently removed because not all the defendants had properly joined in the removal petition and because the petition failed to adequately set forth

---

1. In addition, Getty alleged gross negligence, fraud in the insurance contract, violations of the Texas Insurance Code, Tex.Ins.Code Ann. art. 1.01 *et seq.* (Vernon 1981), and violations of the Texas Deceptive Trade Practices Act, Tex. [Bus. & Com.] Code Ann. § 17.41 *et seq.* (Vernon 1987).

2. There seems to be some confusion as to whether Companies Collective was served on September 3 or September 5, but our decision in this case remains the same regardless of which date is correct.

facts essential to the court's jurisdiction, namely, the citizenship of each party. Getty further alleged that the court lacked subject matter jurisdiction because complete diversity did not exist and the case did not involve a federal question. A hearing on Getty's motion was set for December 5, 1986, but was reset to January 5, 1987 at the request of Companies Collective.

On November 3, 1986, NL filed a motion to dismiss the action under the doctrine of *res judicata*. NL argued that Getty's claim for damages arising from NL's alleged failure to obtain insurance was identical to Getty's cross-claim for indemnification in the *Duncan* case. NL argued that since the state court in that case entered judgment denying Getty's cross-claim for indemnification, the principles of *res judicata* and collateral estoppel barred Getty from asserting a failure to procure insurance claim in a subsequent action. NL further argued that it was named as a defendant for the sole purpose of defeating diversity jurisdiction.

On December 8, 1986, the district court granted NL's motion to dismiss, holding that the operative facts in the present case were the same as those in Getty's previous action against NL in *Duncan*. Thus, without addressing the jurisdictional issues or the motion to remand, the court ruled that Getty's suit against NL was barred by *res judicata*. Shortly after the court ruled on this motion, Companies Collective filed a motion to dismiss and INA filed a motion for summary judgment. Both defendants argued that *res judicata* barred Getty's suit against them as well.

Getty then filed a motion for reconsideration of the order dismissing its suit against NL. In the motion to reconsider, Getty again argued that complete diversity did not exist and that the district court lacked subject matter jurisdiction. However, on December 22, 1986, Getty filed a motion to continue the January 5 hearing on the previous motion to remand. In this motion, Getty suggested, and the other parties agreed, that the hearing should be post-

poned pending the court's ruling on Getty's motion to reconsider. The magistrate granted the motion and the hearing was continued. A week later, INA filed a supplemental petition for removal in which it asserted that NL's principal place of business was New York and, on information and belief, that Companies Collective was "a citizen or subject of England" and "not a citizen of" Texas or California. INA further alleged that Texaco was an improper or nominal party to the suit.

On January 9, 1987, the district court entered a final judgment denying Getty's motion to reconsider, granting the motions filed by INA and Companies Collective, dismissing Getty's suit on the merits, and declaring that all other pending motions were moot. The court never addressed the question of jurisdiction nor ruled on Getty's motion to remand.

### Discussion

*I. Subject Matter Jurisdiction*

On appeal, Getty argues that the district court erred by entering final judgment without first determining whether it had jurisdiction. Getty contends that the court lacked subject matter jurisdiction because of the lack of complete diversity among the parties. Getty points out that both NL and Texaco have their principal places of business in New York, and further contends that the defendants-appellees failed to meet their burden of establishing diversity jurisdiction because they never adequately alleged the principal place of business of Companies Collective or its member companies. Respecting the latter contention, Getty argues that Companies Collective is an unincorporated association and that the citizenship of each of its constituent members must be considered in determining the presence or absence of diversity.

In response, NL, INA, and Companies Collective claim that Texaco is not a proper party to this action so that its principal place of business should not be considered in determining diversity jurisdiction.[3] In

---

**3.** NL, INA, and Companies Collective argue that

Texaco is not a real party in interest because it

addition, they argue that any alleged defects regarding allegations of citizenship [4] were cured by a Supplemental Joinder and Consent to Removal tendered for filing in this Court in which Companies Collective alleges that "Companies Collective, at the time this action was commenced, were and still are foreign insurers who do not have their principal place of business in the States of Texas, California, New York, or Delaware." [5] Finally, the defendants-appellees argue that the district court did not err by failing to address the jurisdictional issue because federal courts are not required to address the question of subject matter jurisdiction if diversity is obvious and the merits of the case are clear. [6] We do not think diversity is obvious in this case, nor do we agree with these contentions.

 In considering a direct appeal in an action removed on the basis of diversity, we have stated that "[w]here a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal court poaches upon the territory of a coordinate judicial system, and its decisions,

opinions, and orders are of no effect." *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir.1981). Thus, when the alleged basis for jurisdiction is diversity of citizenship, the district court must be certain that the parties are in fact diverse before proceeding to the merits of the case. *See Miller Brewing*, 663 F.2d at 548–49. *See also* Fed.R.Civ.P. 12(h)(3).

 If the case involves more than one plaintiff and more than one defendant, the court must be certain that all plaintiffs have a different citizenship from all defendants. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c). If the case involves an unincorporated association, the citizenship of each member must be considered. *See Aetna Casualty and Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir.1986). But even if complete diversity does exist, the case may not be removed from state to federal court if any defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b).

---

was not a party in the *Duncan* case.

**4.** The only other relevant allegations in this regard were those of INA's initial removal petition (in which Companies Collective joined) that "Companies Collective, at the time this action was commenced, was and still is foreign insurers not citizens of the State of Texas," and those of INA's supplemental petition for removal (filed below December 29, 1986 and apparently not joined in by Companies Collective) that "Companies Collective, at the time this action was commenced, for purposes of diversity, based on information and belief and their policy of insurance, is a citizen or subject of England, and is not a citizen of the States of Texas or California."

**5.** Companies Collective filed with this Court on May 13, 1987 (some four months after Getty's notice of appeal) a Motion to Supplement Companies Collective's Joinder and Consent to Removal pursuant to 28 U.S.C. § 1653, which provides a method for curing defective allegations of jurisdiction. This motion was carried with the case. Companies Collective is correct in stating that section 1653 is to be liberally construed, *see Miller v. Stanmore*, 636 F.2d 986, 990

(5th Cir.1981), and that technical defects or failure to specifically allege citizenship can be cured even in the appellate courts. *See D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir.1979), *cert. denied*, 449 U.S. 830, 101 S.Ct. 97, 66 L.Ed.2d 35 (1980). However, it is also true that the party wishing to cure defective allegations cannot engage in "bad faith or undue delay." *Miller*, 636 F.2d at 990. In the present case, a strong argument could be made that the defendants have at least engaged in undue delay, particularly as Getty notified the defendants in October 1986 that they had not yet alleged the citizenship of Companies Collective.

Nonetheless, for purposes of this appeal, we dispose of this case on the assumption that Companies Collective's said motion has been granted; but, as we later point out, this supplement does not cure the defects in the previous petitions for removal.

**6.** NL, INA, and Companies Collective also argue that the district court did in fact determine that Companies Collective was a party completely diverse to all other parties and that federal jurisdiction was proper. However, nothing in the record indicates that the district court made such a determination.

■ The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction. *See Aetna Casualty and Sur. Co. v. Hillman*, 796 F.2d at 775. In the present case, the burden was upon the defendants-appellees, who sought to remove the case from state to federal court. But in removal cases involving allegations of fraudulent joinder, the removing party also has the burden of proving the alleged fraud. *Miller Brewing*, 663 F.2d at 549 (citing *Yawn v. Southern Railway Co.*, 591 F.2d 312 (5th Cir.), *cert. denied*, 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 304 (1979)). In this case, we determine that these burdens have not been met, and we therefore conclude that the district court erred by failing to address the important jurisdictional issues before reaching the merits of the case.[7]

First, the defendants-appellees have failed to conclusively demonstrate that Texaco is not a real party in interest or that it was fraudulently joined in an effort to defeat jurisdiction. As Getty correctly points out, the state court in *Duncan* entered a $28,000,000 judgment against both Getty and Texaco; thus, it seems that Texaco may in fact have a substantial interest in this case. Nor has the district court determined whether NL is a proper party, and the defendants-appellees have not conclusively demonstrated that NL was not. If NL and Texaco are deemed proper parties in this case, then complete diversity obviously does not exist since New York is the principal place of business of both NL and Texaco.

■ Moreover, the defendants-appellees have not sufficiently alleged the citizenship of Companies Collective. The allegation on appeal that Companies Collective "were and still are foreign insurers who do not have their principal place of business in" Texas, California, New York, or Delaware, together with the allegations below that Companies Collective "is foreign insurers not citizens of" Texas or California and "is

a citizen or subject of England," does not establish citizenship for diversity purposes. We have stated repeatedly that when jurisdiction depends on citizenship, citizenship must be "*distinctly* and *affirmatively* alleged." *See, e.g., McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (emphasis added). *See also Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference). In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation. *Nadler v. American Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985) (citing *Neeley v. Bankers Trust Co.*, 757 F.2d 621, 634 n. 18 (5th Cir.1985)). These rules are straightforward, and the law demands strict adherence to them. *Nadler*, 764 F.2d at 413. Nonetheless, it seems that we are again constrained to emphasize the importance of clear, distinct, and precise affirmative jurisdictional allegations.

■ In the present case, Companies Collective has, to say the very least, never made it clear whether it is a corporation or an unincorporated association. If it is a corporation, it has not specifically alleged *its* place of incorporation or *its* principal place of business; instead, it has merely alleged that *it* is a "citizen or subject of England" and "not a citizen of" Texas or California. This allegation is insufficient for jurisdictional purposes because it does not negate the conclusion, for example, that Companies Collective is incorporated, *or* has *its* principal place of business, in New York or Delaware. On the other hand, if Companies Collective is an unincorporated association, it has not specified the jurisdiction of incorporation of its individual members, assuming any are corporations. Merely alleging that the individual members are "foreign insurers" does not

---

7. As we stated in *Miller Brewing*, a trial court "must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits." *Miller Brewing*, 663 F.2d at 548–49.

establish place of incorporation for jurisdictional purposes. *Cf. American Motorists Insurance v. American Employers' Insurance Company,* 600 F.2d 15, 16 (5th Cir. 1979). Thus, the allegations do not exclude the conclusion that Companies Collective is an unincorporated association of "insurers," one of which either is incorporated in Delaware (or New York) or is itself an unincorporated association, one of the members of which is incorporated or has its principal place of business in Delaware (or New York). All this information should be readily available to Companies Collective. Taken together, the gaps in the jurisdictional allegations concerning Companies Collective are simply too numerous and have persisted for too long in the face of adequate challenge to permit us to merely assume that the requisite diversity exists respecting it.

■ Thus, by failing to prove that Texaco (or NL) is an improper party, and by failing to adequately allege the citizenship of Companies Collective or its individual members, the defendants-appellees have not clearly established that there is complete diversity. Since the district court did not address these jurisdictional issues, we have no way of determining whether the parties are in fact diverse. Indeed, we have no way of knowing whether the district court actually determined that it had diversity jurisdiction. Under these circumstances, we are compelled to vacate the judgment below and to remand the case to the district court to address the jurisdictional issues raised in this opinion. *See American Motorists Ins. v. American Employers' Ins. Co., supra.*

NL, INA, and Companies Collective nonetheless contend that the district court must be affirmed given the particular facts of this case. Citing, *inter alia, United States v. Oberski,* 734 F.2d 1030 (5th Cir. 1984), they contend that even though the district court was silent on the question of diversity, it should be presumed to have reviewed the jurisdictional issues and to have applied the proper law to them. They also argue that when the basis for jurisdiction is obvious, a trial court is not required to make specific, detailed findings in support of its jurisdictional rulings. We are not persuaded.

At the outset, we again note that jurisdiction in this case is *not* obvious because there are still unanswered questions regarding the diversity of Companies Collective, Texaco's status as a proper plaintiff, and NL's status as a proper defendant. Moreover, the district court made no findings or determination, specific or otherwise, regarding jurisdiction, and we therefore decline to presume, as the defendants-appellees suggest, that the district court actually considered the unresolved jurisdictional issues before ruling on the merits of the case. Indeed, Companies Collective's Supplemental Joinder and Consent to Removal, in which Companies Collective attempted to cure the alleged defects in the previous removal petitions, was never before the district court and was not even filed until after the case had reached this Court. In short, even if we were to accept the contention that a district court need not always make specific, detailed findings when the basis for jurisdiction is obvious and indisputable or unchallenged, we cannot agree that we must affirm the district court's ruling when there are no findings at all, the basis for jurisdiction is not obvious, and jurisdiction has been adequately challenged below.[8]

**8.** *Oberski,* a criminal case which does not involve questions of jurisdiction, does not hold otherwise. In that case, we held that where a trial court does not specifically explain the reasons for its decision, we may affirm the decision if there are obvious reasons justifying it. *Oberski,* 734 F.2d at 1033. Assuming the district court in the present case actually decided the jurisdictional issue, there are no obvious reasons justifying it because it is still unclear whether the parties are completely diverse. In any event, the language in *Oberski* certainly

does not compel us to affirm the district court when it fails to explicitly decide the issue, let alone explain the reasons for its decision. Under the circumstances of this case, we think the better solution is to remand the case to the district court for determination of the jurisdictional questions discussed herein. *Cf. Complaint of Ithaca Corp.,* 582 F.2d 3 (5th Cir.1978) (interpreting Fed.R.Civ.P. 52(a)). In that case we stated: "When, because of absence of findings of fact or conclusions of law, an appellate

In short, we are not persuaded that under the circumstances we should disregard the well-established rule that a trial court must determine the existence of subject matter jurisdiction before reaching the merits of a case. *See Miller Brewing*, 663 F.2d at 548–49, 554. Since the district court did not even mention jurisdiction before entering a final judgment, we cannot assume that it made such a determination, nor can we affirm its judgment.

## II. Removal

■■■ Getty next argues that removal to the district court was improper because the removal petition failed to satisfy the basic requirements of 28 U.S.C. § 1446, which governs removal procedures. Specifically, Getty argues that: (1) NL, which was served two days before the removal petition was filed, did not properly join in the original removal petition as required by section 1446(a),[9] and (2) NL's eventual joinder did not cure the defect because it did not occur within the thirty-day limitation period set forth in section 1446(b).[10] With regard to the second argument, Getty contends that section 1446(b) requires that all served defendants join in or consent to the removal petition no later than thirty days

---

court cannot determine whether the record supports the trial court decision, it should remand the action for entry of findings of fact and conclusions of law." *Id.* at 4.

The defendants-appellees also argue that where the merits are clear and the jurisdictional issue difficult, we may by-pass the jurisdictional issue and reach the merits, citing *inter alia, Secretary of the Navy v. Avrech*, 418 U.S. 676, 94 S.Ct. 3039, 41 L.Ed.2d 1033 (1974), and *Norton v. Mathews*, 427 U.S. 524, 96 S.Ct. 2771, 49 L.Ed.2d 672 (1976). *See also United States v. Augenblick*, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969). This argument, of course, cuts against the notion that the district court implicitly decided the jurisdictional issues. In any event, we reject these contentions. To begin with, here, unlike *Avrech, Norton,* and *Augenblick,* the relevant jurisdictional law is clear (moreover, we do not regard the merits as obviously permitting of only one resolution). More importantly, in *Avrech, Norton,* and *Augenblick,* the merits issues were ones of federal law and the jurisdictional issue did not involve any question of whether a federal court had properly seized itself of a matter appropriately commenced and clearly cognizable in state court. Those cases, if they belonged in court at all, belonged in federal court. In *Avrech* and *Augenblick,* which were collateral federal court challenges to court-martial actions, the merits decisions produced the same result as would a successful challenge to the federal court's jurisdiction, which is not the situation here. Only in *Norton* did the jurisdictional issue present a *which* federal court question, and there the question was simply whether the Supreme Court should itself decide the merits or remand to the Court of Appeals to do so, the latter course being useless since the Court of Appeals would in any event clearly have to follow the Supreme Court's decision rendered the same day in another case presenting the identical merits issues. However, absent appropriate diversity, we cannot deprive Getty of its right to have its Texas law-based suit proceed in the Texas courts even if we were to conclude that it

is obvious the Texas courts would ultimately rule against Getty on the merits.

**9.** 28 U.S.C. § 1446(a) provides:

"A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action."

This statute has been interpreted to require that all then served properly joined defendants join in the removal petition. *See Fontenot v. Global Marine, Inc.,* 703 F.2d 867, 870 n. 3 (5th Cir. 1983); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349,* 427 F.2d 325, 326 (5th Cir.1970). There are several rather narrow exceptions to this rule. *See* 1A *Moore's Federal Practice* ¶ 0.168[3.–2–2] at 556–59; ¶ 0.168[3.–5–5] at 587 n. 10 (1987). The defendants-appellees have not urged any of these exceptions to us (and we do not address whether they may still urge any on remand). Defendants (at least those not citizens of the forum state) who are unserved when the removal petition is filed need not join in it. *See Pullman Co. v. Jenkins,* 305 U.S. 534, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939); *Lewis v. Rego Co.,* 757 F.2d 66, 68–69 (3d Cir.1985).

**10.** Section 1446(b) states:

"The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

after the *first* defendant is served.[11] Finally, Getty asserts that despite the requirements of section 1446(a), the original removal petition did not set forth a clear statement of facts establishing diversity (and thus a basis for removal) because of the inadequacy of its allegations concerning Companies Collective.

In response, NL, INA, and Companies Collective argue that any defects in the original removal petition were cured by supplemental petitions filed pursuant to 28 U.S.C. § 1653, which provides a method for curing defective allegations of jurisdiction. They further contend that NL's joinder on October 24, 1986, thirty days after it was served, was not untimely because section 1446(b) requires only that each defendant join in the removal within thirty days after it is served, not thirty days after service on the first defendant. In any event, the defendants-appellees argue that by proceeding with discovery and by filing a motion to continue the hearing on the motion to remand, Getty effectively waived its objections to removal.

As previously stated, the defendants-appellees' supplemental joinders and removal petitions do not cure the allegational defects in the original petition respecting Companies Collective. We therefore agree with Getty's contention that the petitions are defective because they fail to set forth a clear statement of facts establishing diversity jurisdiction. On remand, however, the district court may allow the defendants to cure these defects by amending their original petition pursuant to 28 U.S.C. § 1653.

■ The remaining issues are whether section 1446(b) requires that all then served defendants join in the removal petition within thirty days of service on the first defendant, and if so, whether the plaintiff can waive its objection to a failure to comply with the statute in this respect. Getty is correct in asserting that all defendants who are properly joined and served must join in the removal petition, *see Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986), and that failure to do so renders the petition defective. *See Harris v. Edward Hyman Co.*, 664 F.2d 943, 944 & n. 3 (5th Cir.1981). The record in the present case, however, indicates that all the defendants did eventually join in the removal petition. NL joined within thirty days after it was served, but fifty-one days after INA was served. The specific question is whether the provisions of section 1446(b) allow NL, a then served defendant, to join in the original removal petition more than thirty days after INA was served.

■ The provisions of section 1446(b) make it clear that a petition for removal must be filed within thirty days after service of summons upon the defendant. In cases involving multiple defend-

---

11. INA, the first defendant served, was served fifty-one days before NL filed its joinder and consent to removal. Nonetheless, the defendants-appellees argue that there is no real issue regarding the timeliness of NL's joinder because NL consented to removal when INA submitted the original removal petition on September 26, 1986, well before the expiration of the thirty-day limitations period. Citing *Brooks v. Rosiere*, 585 F.Supp. 351, 353 (E.D.La.1984), and *Albonetti v. GAF Corp.-Chemical Group*, 520 F.Supp. 825 (S.D.Tex.1981), they contend that in multiple defendant cases consent to removal is all that is required under section 1446, and since INA stated in the original petition that NL consented to removal, NL satisfied the statute's time requirements.

But while it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant. In the present case, nothing in the record, except INA's unsupported statement in the original removal petition, indicates that NL actually consented to removal when the original petition was filed. INA's removal petition alleged that NL had not been served and "therefore ... need not join the removal Petition," and that NL "do[es] not oppose and consent[s] to this Petition for Removal"; it does not allege that NL has authorized INA to formally (or otherwise) represent to the court on behalf of NL that NL has consented to the removal. Accordingly, there was no adequate allegation or showing of NL's actual joinder in or consent to the original removal petition.

ants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable). *See Brown*, 792 F.2d at 481; 1A *Moore's Federal Practice* ¶ 0.168[3.–5–5] at 586 (1987). It follows that since all served defendants must join in the petition, and since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served.[12] This rule, which is followed by district courts in this Circuit and others, *see, e.g., Brooks v. Rosiere*, 585 F.Supp. 351, 353 (E.D.La.1984); *Godman v. Sears, Roebuck and Co.*, 588 F.Supp. 121, 123 (E.D.Mich. 1984), promotes unanimity among the defendants without placing undue hardships on subsequently served defendants.[13] Indeed, if a removal petition is filed by a served defendant and another defendant is served after the case is thus removed, the latter defendant may still either accept the removal or exercise its right to choose the state forum by making a motion to remand. *See* 28 U.S.C. § 1448, which states in relevant part: "This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case." *See also Lewis v. Rego Co.*, 757 F.2d 66, 68–69 (3d Cir.1985).

But if a defendant fails to comply with section 1446(b), the plaintiff can waive its right to object to the untimely joinder. As we made clear in *Harris v. Edward Hyman Co.*, 664 F.2d 943, 945 (5th Cir. 1981), and *Fontenot v. Global Marine, Inc.*, 703 F.2d 867, 870 (5th Cir.1983), the thirty-day limitations period in section 1446(b) does not affect the jurisdiction of the district court, and a plaintiff who delays in seeking a remand, or otherwise participates in the proceedings in the district court, may be precluded from objecting to a defendant's untimely consent to a defective removal petition. *See also Brown*, 792 F.2d at 481. Although Getty continuously objected to removal because of the apparent lack of diversity jurisdiction, it did agree to postpone the hearing on its motion to remand pending the outcome of its motion for reconsideration. While it is less than clear that this could amount to a waiver, we leave that to the district court in the first instance. Also, further inquiry may reveal other ways in which Getty effectively delayed in seeking remand to the state court. On remand, the district court should address whether Getty did in fact

---

12. Indeed, a defendant's failure to join in the removal petition within this thirty-day period could render removal improvident within the meaning of 28 U.S.C. § 1447(c). *Cf. Brown*, 792 F.2d at 481 ("failure to petition within thirty days may render removal improvident"). In *Brown* we noted that "[e]xceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served," *see Brown*, 792 F.2d at 482. *See also Albonetti v. GAF Corp.*, 520 F.Supp. 825, 828 (S.D.Tex.1981); *Brooks v. Rosiere*, 585 F.Supp. 351, 353 (E.D.La.1984).

The defendants-appellees urge that INA did not know that NL had been served, as reflected by the allegation of the initial removal petition which asserted that NL had not been served. The defendants-appellees also claim that NL was then unaware that it had been served because service had only recently been made on its registered agent. However, INA's initial removal petition does allege that NL "do[es] not oppose and consent[s] to this Petition for Removal," though without stating any basis for such allegation. INA was certainly aware that NL was a defendant in the suit, and the fore-

going allegation at least suggests that NL was then also so aware. That process had issued to serve NL by serving its registered agent, C.T. Corporation System, Republic National Bank Building, Dallas, Texas, would have been apparent from the state court records (as well as being suggested by the face of Getty's state court petition). One might suppose that such service would normally be made with dispatch and assurance. These matters should be addressed by the district court on remand and it, in the first instance, should determine the underlying facts, the reasonableness of INA's conduct in the premises, and whether the circumstances are sufficiently "exceptional" to justify the kind of exception alluded to in *Brown, Brooks,* and *Albonetti.* Of course, if NL is determined not to be a proper defendant (as the defendants-appellees alleged below), then its joinder in the removal petition would not be required.

13. Moreover, by restricting removal to instances in which the statute clearly permits it, the rule is consistent with the trend to limit removal jurisdiction and with the axiom that the removal statutes are to be strictly construed against removal. *See Brown*, 792 F.2d at 482.

waive its right to object to NL's delayed joinder.

**Conclusion**

Because it is not clear whether the district court had jurisdiction of this case, we decline to reach the merits. Instead, we vacate the judgment below and remand the case to the district court to determine the relevant jurisdictional and removal issues.[14] The court will need to determine whether complete diversity exists and make adequate findings in this regard, including findings respecting the citizenship for purposes of section 1332 of Companies Collective and whether Texaco is a proper party (and possibly NL, if the defendants-appellees still contend it is not). If the court determines that complete diversity exists, it will then need to determine the removal issue, including whether NL's delayed joinder can be excused under the "exceptional circumstances" exception alluded to in *Brown* and, if not, whether Getty has waived NL's untimely joinder.

VACATED and REMANDED.

---

**14.** We also deny the defendants-appellees' motion for sanctions.