IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-31157
Conference Calendar
_____


MILDRED BARROIS, wife of
 and Victor Barrois,

                                        Plaintiff-Appellant,

versus

UNIDENTIFIED PARTY; GOUX ENTERPRISES,
doing business as Pontchartrain Health Care Center,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CV-3510-N
- - - - - - - - - -
April 15, 1997
Before REAVLEY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Mildred Barrois appeals the district court's <u>sua</u> <u>sponte</u>

dismissal of her complaint for lack of subject-matter

jurisdiction.  Barrois, a Louisiana citizen, alleged that Goux

Enterprises, which operated a nursing home in Mandeville, La.,

mistreated her since-deceased husband, Victor, while he resided

at the nursing home, and that one of Goux Enterprises' employees

converted some of the family's savings bonds.  The district court

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

did not err in holding that it lacked subject-matter jurisdiction over Barrois's claims.  See Fed. R. Civ. P. 12(h)(3).  Barrois has not raised cognizable constitutional claims under 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), because the defendants are not alleged to have acted under color of either state or federal law. See Morast v. Lance, 807 F.2d 926, 930-31 (5th Cir. 1987). Moreover, Barrois has not invoked the diversity jurisdiction of the court because she has failed to sustain her burden of proving that complete diversity exists.  See Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North Am., 841 F.2d 1254, 1258-59 (5th Cir. 1988); 28 U.S.C. § 1332.

Because this appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.