IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30076
Conference Calendar

_____

CHERYL AMBROSE DUPRE,

Plaintiff-Appellant,

versus

UNIVERSITY HEALTHCARE SYSTEM L.C.,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-1712-L
- - - - - - - - - -
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Cheryl A. Dupre appeals from the district court's dismissal for lack of subject matter jurisdiction of her pro se complaint, in which she alleged that the University Healthcare System L.C. had defamed her. Dupre contends that she "should not have been assigned filing a motion for jurisdiction whereas a crime of malice was committed." She also asserts that "the case was dismissed on grounds that are untrue and unfair."

"Federal courts are courts of limited jurisdiction." Howery v. Allstate Ins. Co., 243 F.3d 912, 915 (5th Cir. 2001), petition

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for cert. filed, (U.S. July 23, 2001) (No. 01-152). In the absence of either federal-question or diversity jurisdiction, an action must be dismissed for lack of subject-matter jurisdiction. See 28 U.S.C. §§ 1331 and 1332; Fed. R. Civ. P. 12(h)(3) (when it appears that the court lacks subject-matter jurisdiction, the court shall dismiss the action); see also Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc., 138 F.3d 160, 163 n.1 (5th Cir. 1998). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. Howery, 243 F.3d at 915. A district court's dismissal for lack of subject-matter jurisdiction is reviewed de novo. Musslewhite v. State Bar of Texas, 32 F.3d 942, 945 (5th Cir. 1994).

There is no complete diversity because both parties are residents of Louisiana. See 28 U.S.C. § 1332; Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1258-59 (5th Cir. 1988). Nor does Dupre raise in her complaint any question of federal or constitutional law. The dismissal for lack of subject-matter jurisdiction was thus not error. This appeal is without arguable merit, is frivolous, and is dismissed. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

APPEAL DISMISSED.