# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2025

Lyle W. Cayce
Clerk

———————

No. 25-10344
Summary Calendar

———————

Tariq Farooq,

*Plaintiff—Appellant*,

*versus*

Nucor Business Technology, Incorporated; Capgemini America, Incorporated,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-920

———————————————————

Before Southwick, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Tariq Farooq, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) in this appeal of the district court's dismissal of his complaint against Nucor Business Technology, Incorporated (Nucor) and Capgemini America, Incorporated (Capgemini). Farooq's complaint, which he initially filed in state court and was removed to federal court under 28 U.S.C.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10344

§ 1441(a) and 28 U.S.C. § 1331, raised claims for hostile work environment, ethnicity discrimination, religious discrimination, retaliation, and wrongful termination under Title VII of the Civil Rights Act of 1964 and Texas law, as well as disability discrimination claims under the Americans with Disabilities Act of 1990, a claim under the Fair Labor Standards Act, and a claim for tortious interference with contract and other state-law tort claims. The defendants respectively filed motions to dismiss his complaint under Federal Rule of Civil Procedure 12(b)(6), which the district court granted. Farooq's IFP motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Farooq first contends that the district court erred in denying his motion to remand his case to state court under 28 U.S.C. § 1447(c), because Capgemini failed to consent to the removal under 28 U.S.C. § 1446(b)(2)(A). However, in Capgemini's motion to dismiss—which was filed in the district court within 30 days of the date that Farooq claims that Capgemini was served with his complaint—it stated that it had consented to removal. Nothing more was required. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).

Second, he argues that the district court abused its discretion in denying his motion to amend his complaint under Federal Rule of Civil Procedure 15(a). Because Farooq filed his motion to amend after the deadline established by the district court's scheduling order had elapsed, he was required to show "good cause" for amending his complaint under Federal Rule of Civil Procedure 16(b)(4). *See S&W Enters., LLC v. SouthTrust Bank of Alabama, N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). Farooq fails to demonstrate any arguable abuse of discretion in the district court's finding that he failed to demonstrate good cause where his proposed amendments— which merely sought to change the references in his complaint from state law

2

to federal law—were futile. *See id.* at 535-36; *see also Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000).

Third, Farooq contends that the district court made findings that the allegations in his complaint were sufficient in connection with its denial of his motion to remand and that the district court violated the law-of-the-case doctrine when it subsequently found that his allegations failed to state a claim in connection with its Rule 12(b)(6) dismissal. We note, however, that the district court never made findings in connection with its denial of his motion to remand that were inconsistent with its findings that Farooq's allegations and claims did not pass muster under Rule 12(b)(6). Moreover, the law-of-the-case doctrine is inapplicable under these facts. *See United States v. Agofsky*, 516 F.3d 280, 283 (5th Cir. 2008).

Fourth, he argues that the district court erred by dismissing his complaint without considering the right-to-sue letters issued by the U.S. Equal Employment Opportunity Commission (EEOC) that he attached to his complaint. However, there is nothing in the record indicating that the district court did not consider these materials. *See* Fed. R. Civ. P. 10(c). Further, the letters merely indicate that the EEOC would not be able to timely complete its investigation into the charges brought by Farooq and, accordingly, it granted to Farooq a right to sue. Contrary to Farooq's argument, the letters do not indicate that the EEOC filed charges against the defendants or made any attempt to assess their culpability, if any.

Fifth, Farooq contends that the district court failed to give sufficient reasons for its certification under 28 U.S.C. § 1915(a)(3). We note, however, that the district court's certification incorporated the magistrate judge's findings, conclusions, and recommendations on, inter alia, the Rule 12(b)(6) dismissal, which the district court subsequently accepted. The district

court's order was sufficient to apprise us of the reasons for its certification. *See Baugh*, 117 F.3d at 202 & n.21.

Sixth, he argues that the district court erred by misapplying the applicable pleading standards in dismissing his complaint under Rule 12(b)(6). However, the district court cited the appropriate legal standards, summarized the elements for the claims Farooq raised, reviewed his allegations related to these claims, and concluded that the broad-based assertions in his complaint failed to provide sufficient factual content to make his claims plausible. Farooq has failed to demonstrate any arguable error in the district court's conclusion. Indeed, Farooq's complaint is rife with labels, buzz words, and conclusions without describing facts, events, or conduct that would allow the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). He fails to make a nonfrivolous showing that his complaint's "conclusory allegations, unwarranted deductions, [and] legal conclusions" were sufficient to withstand Rule 12(b)(6) dismissal. *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (internal quotation marks and citation omitted).

Finally, Farooq contends that the district court erred by vacating the discovery deadlines in the scheduling order while it was assessing the merits of the defendants' then-pending Rule 12(b)(6) motions. However, Farooq has demonstrated no arguable error in this regard, as the court's actions were well within its discretion and inherent power "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

Based on the foregoing, Farooq fails to make the requisite showing that he will present a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, his motion to proceed IFP is DENIED, and his appeal is

No. 25-10344

DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Additionally, his motion to remand this case to the district court with directions that district court remand his state-law claims to state court is DENIED as moot, as all of his state-law claims have been dismissed.