Harry K. RICHARDSON and Maria Richardson, Plaintiffs,

v.

EDWARD D. JONES & COMPANY, Lawrence Sobol and Larry Richardson, Defendants.

No. 89–C–1000.
MDL No. 646.

United States District Court,
D. Colorado.

July 18, 1990.

Howard Strause, Great Falls, Mont., for plaintiffs.

Bruce Oetter, St. Louis, Mo., Doug James, Billings, Mont., for defendants.

## ORDER

CARRIGAN, District Judge.

On October 17, 1988, the plaintiffs, Harry K. Richardson and Maria Richardson, citizens and residents of Montana, commenced this action in the District Court for the Thirteenth Judicial District, in and for the County of Yellowstone, Montana, against, *inter alia*, Edward D. Jones & Company, a Missouri limited partnership with its principal place of business in Missouri. Plaintiffs asserted nine state law claims for relief, alleging injuries arising out of their purchase of Petro–Lewis and NRM partnership interests.

On November 3, 1988, pursuant to 28 U.S.C. §§ 1441 and 1332, the defendants removed the case to the United States District Court for the District of Montana. Defendants assert that removal was proper because all plaintiffs are Montana citizens, all defendants are Missouri citizens, and the amount in controversy exceeds $10,000. On May 25, 1989, pursuant to 28 U.S.C. § 1407, the case was transferred to this court by assignment of the Multi–District Litigation Panel under M.D.L. 646.

Currently pending is the plaintiffs' motion to dismiss for lack of subject matter jurisdiction. Although styled as a motion to dismiss, I shall construe it as a motion to remand. "If at any time prior to final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Plaintiffs assert that this court lacks subject matter jurisdiction because complete diversity of citizenship does not exist. Defendants have responded by opposing the motion. The parties have fully briefed the issues, and oral argument would not materially facilitate the decision process.

Edward D. Jones & Company ("Jones & Co.") is a Missouri limited partnership. Its general partner, EDJ Holding Co., Inc., is a Missouri corporation with its principal place of business in Missouri. Jones & Co.'s limited partner, The Jones Financial Companies ("Jones Financial"), is a Missouri limited partnership, with its principal place of business in Missouri. Citing *Carden et al. v. Arkoma Associates,* —— U.S. ——, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), the plaintiffs assert that complete diversity does not exist because several limited partners in Jones Financial are Montana citizens, thus rendering Jones & Co. a Montana citizen for diversity purposes.

Article III of the Constitution provides that "[t]he judicial power shall extend to ... Controversies ... between Citizens of different States." At the time this action was initiated, Congress had authorized the federal courts to exercise diversity jurisdiction provided that the amount in controversy exceeded $10,000.[1] 28 U.S.C. § 1332.

> "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
>
> (1) Citizens of different States;" 28 U.S.C. § 1332.

The Supreme Court has always required that, in order to confer jurisdiction on a federal court, diversity of citizenship be complete. *Strawbridge v. Curtiss,* 3 Cranch 267, 2 L.Ed. 435 (1806). The question here presented is how the citizenship of Jones & Co., a limited partnership is to be determined for purposes of diversity jurisdiction.

In *Carden,* 110 S.Ct. 1015, the Supreme Court addressed this exact issue. The Court there held that to determine the citizenship of an artificial entity such as a limited partnership for diversity purposes, a court must look to the citizenship of all its partners. *Carden,* 110 S.Ct. at 1021. Under this analysis, Jones & Co. is not diverse from the plaintiff, because one or more of its limited partners are Montana residents.

Defendants have attempted to distinguish *Carden* based on Edward D. Jones & Co.'s two tier structure. This attempt,

---

1. On November 19, 1988, Congress amended 28 U.S.C. § 1332 increasing the amount in controversy requirement to $50,000.

however, must fail; for *Carden* makes clear that in determining the citizenship of a limited partnership for diversity purposes, a court must look to the citizenship of all its partners. Plaintiffs, Montana citizens, commenced this action against Jones & Co., a limited partnership. For diversity purposes, Jones & Co. is a citizen of all states of which any of its partners are citizens. Jones Financial, a Missouri limited partnership, is Jones & Co.'s limited partner. Therefore, if Jones Financial is a Montana citizen for diversity purposes, so is Jones & Co.

Following *Carden's* analysis, Jones Financial is a citizen of all states of which its partners are citizens. It is undisputed that several Jones Financial limited partners are Montana citizens. Therefore, for diversity purposes, Jones Financial and Jones & Co. are Montana citizens. Because complete diversity does not exist, this court lacks subject matter jurisdiction.

Accordingly, IT IS ORDERED that:

(1) The plaintiffs' motion to dismiss is denied; and

(2) This case is remanded to the District Court for the Thirteenth Judicial District in and for the County of Yellowstone, Montana.