### MAGNOLIA MANAGEMENT CORPORATION,
#### Plaintiff,

v.

**QUEST RESCUE PARTNERS—8, L.P., a Limited Partnership; Quest Rescue Partners—I-1, L.P., a Limited Partnership; Quest Rescue Partners—I-1 Corp., a Corporation; Quest Rescue Partners—8 Corp., a Corporation; Stuart Berry, an Individual; Michael Hunter, an Individual; LTCS, L.P. (d/b/a VHA LTCS), a Limited Partnership; LTCS Inc., a Corporation, also known as Long Term Care Services, Inc.; Jerry Mooney, an Individual; Jim Crowe, an Individual; and Sam Scarbro, an Individual, Defendants.**

#### Civ. A. No. J91-0363(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

May 4, 1992.

Frank T. Moore, Jr., Jeffrey P. Hubbard, Wells, Moore, Simmons, Stubblefield & Neeld, Jackson, Miss., for plaintiff.

Arthur F. Jernigan, Jr., Phelps Dunbar, Jackson, Miss., Everett L. Doffermyre, Deborah A. Brian, Doffermyre, Shields, Canfield & Knowles, Atlanta, Ga., for defendants.

### MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. Plaintiff has responded to the Motion. The Court, having considered the Motion and response, along with memoranda of authorities and attachments thereto, is of the opinion that Defen-

dants' Motion is well taken and should be granted.

### I.  Facts and Procedural History

On or about October 29, 1987, Plaintiff and Southmark/CRCA Health Care Fund VIII, L.P. ("Southmark Health") entered into two Health Care Center Consultant and Field Supervision Agreements ("Agreements"). The Agreements obligated Plaintiff to provide consultation and supervision services to two nursing home facilities, Vicksburg Trace Haven in Vicksburg, Mississippi, and Picayune Convalescent Center in Picayune, Mississippi, operated by Southmark Health. *See* Exhibit "1" and Exhibit "2" to Exhibit "A" in Support of Defendants' Motions; Exhibit "1" and Exhibit "2" in Support of Plaintiff's Response to Defendants' Motions. Southmark Health agreed to pay Plaintiff three percent of the monthly gross revenues of each facility. *Id.* Southmark Health executed the Agreements through its general partner at the time, Southmark Investment Group 87, Inc. *Id.*

Plaintiff alleges that in November 1989, Defendants began a course of conduct designed to interfere with Plaintiff's rights under the Agreements with Southmark Health. Plaintiff contends that Defendant Quest Rescue Partners I–1, L.P. ("Quest I–1, L.P."), Defendant Quest Rescue Partners—8, L.P. ("Quest–8 L.P."), Defendant Quest Rescue Partners I–1 Corp. ("Quest I–1 Corp."), Defendant Quest Rescue Partners—8 Corp. ("Quest–8 Corp."), Defendant Stuart Berry ("Berry") and Defendant Michael Hunter ("Hunter"), collectively referred to as the "Quest Defendants," who are engaged in the business of health care related real estate management along with other unnamed Quest affiliates, *see* Plaintiff's Exhibit "3" at 8–9, attempted to elect Defendant Quest I–1, L.P. as general partner of Southmark Health.[1]

Concomitant with their alleged attempt to elect a new general partner, Plaintiff contends that the Quest Defendants acted in concert with Defendant LTCS, L.P.

("LTCS, L.P."), Defendant Long Term Care Services, Inc. ("Long Term Care, Inc."), Defendant Jerry Mooney ("Mooney"), Defendant Jim Crowe ("Crowe") and Defendant Sam Scarbro ("Scarbro"), collectively referred to as the "LTCS Defendants," to have Defendant LTCS, L.P. furnish management services for the Vicksburg and Picayune nursing home facilities operated by Southmark Health. The basis of Plaintiff's contention is a contract entered into on or about November 28, 1989, between Defendant Quest–8, L.P. and Defendant LTCS, L.P., under which Defendant LTCS, L.P. agreed to provide management consulting services for the Vicksburg and Picayune facilities if Defendant Quest–8, L.P. were elected general partner of Southmark Health. *See* Defendants' Exhibit "D." In August 1990, Defendant Quest–8, L.P. was elected general partner of Southmark Health, thereby making operative the November 28, 1989 contract, which was allegedly modified to account for the three percent fee due Plaintiff. *See* Plaintiff's Exhibit "3," at 4; Defendants' Exhibit "D." Defendant LTCS, L.P. began conducting the management duties called for by the contract with Southmark Health on October 1, 1990. *See* Defendants' Exhibit "D."

In the present action, filed on June 28, 1991, Plaintiff alleges that Defendants intentionally, willfully, wrongfully and unjustifiably interfered with Plaintiff's Agreements with Southmark Health, and that Defendants wrongfully conspired to intentionally, willfully and wrongfully interfere with Plaintiff's Agreements with Southmark Health. Plaintiff seeks $1.8 million in actual damages and $5 million in punitive damages.

Defendants have filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure; a Motion to Dismiss for Failure to State a Claim for which Relief May Be Granted pursuant to Fed.R.Civ.P. 12(b)(6); a Motion to Dismiss for Failure to Join Party pursuant to Fed. R.Civ.P. 12(b)(7) and 19; and a Motion to

---

**1.** The Court notes that Defendant Quest–8, L.P., and not Defendant Quest I–1, L.P., was eventual- ly elected general partner of Southmark Health. *See* Defendants' Exhibit "G."

Dismiss for Lack of Personal Jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). In addition, Defendants have filed a Motion to Dismiss or Stay on Ground of Prior, Pending Action pursuant to Fed.R.Civ.P. 12(b).[2]

By Order entered on September 16, 1991, this Court stayed all motions except for Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. This Memorandum Opinion and Order, therefore, addresses only Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.

### II. Analysis

Defendants contend that the Court lacks subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is not complete diversity of citizenship between the parties.

■ The sole issue before the Court is whether, for diversity jurisdiction purposes, the citizenship of a "two-tiered" limited partnership litigant is determined by reference to all of its limited partners, including partners in a limited partnership which is itself a limited partner of the litigant. The Court finds that under the decision of the United States Supreme Court in *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), the citizenship of all limited partners, including limited partners in a limited partnership which is itself a partner of the litigant, determines the citizenship of a limited partnership litigant.

### A. Citizenship of a Limited Partnership under 28 U.S.C. § 1332

■ Because diversity of citizenship is a jurisdictional requirement, it is within the exclusive purview of the Court to determine whether diversity exists. *Carden*, 494 U.S. at 195, 110 S.Ct. at 1021, *citing Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453, 20 S.Ct. 690, 691, 44 L.Ed. 842 (1900). Diversity of citizen-

ship requires complete diversity. All plaintiffs must have a different citizenship from all defendants. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). *Accord, Getty Oil Corp., Div. of Texaco v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir.1988).

In the present action, Plaintiff is a Louisiana corporation with its principal place of business in Mississippi. For the purpose of determining diversity jurisdiction, a corporation is considered a citizen of the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c); *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1258 (5th Cir.1988). Plaintiff is therefore a citizen of Louisiana and Mississippi for diversity jurisdiction purposes.

Because the Motion before the Court hinges on the citizenship of Defendant LTCS, L.P. through its limited partner National Healthcorp, it suffices to note that all other Defendants are considered citizens of Georgia or Tennessee for the purposes of diversity jurisdiction. None are citizens of Louisiana or Mississippi.

Defendant LTCS, L.P. is a limited partnership and has as its general partner Defendant Long Term Care, Inc., a Delaware corporation with its principal place of business in Tennessee. *See* Defendants' Exhibit "D." Defendant LTCS, L.P. has as its limited partners Defendant Mooney, a resident and citizen of Tennessee; Joseph Piper, a resident and citizen of Tennessee; VHA Enterprises, Inc. ("VHA Enterprises"), a Delaware corporation with its principal place of business in Texas; and National Healthcorp, which is itself a limited partnership. *See* Defendants' Exhibit "B." It is the citizenship of National Healthcorp that is in issue in the Motion presently before the Court.

National Healthcorp is a publicly traded limited partnership listed on the American Stock Exchange. *Id.* In addition to its

---

2. On March 15, 1991, Southmark Health filed an action against Magnolia, Plaintiff in the present action, in the 44th Judicial District in Dallas County, Texas. On April 12, 1991, Magnolia removed the action, styled *South-* *mark/CRCA Health Care Fund VIII, L.P. v. Magnolia Management Corporation*, Cause No. 91-03059, to the United States District Court for the Northern District of Texas, Dallas Division.

two general partners, NHC, Inc., and W. Andrew Adams, National Healthcorp has over 3,000 limited partners. *Id.* Four limited partners are citizens of Mississippi. *Id.* At least one limited partner is a citizen of Louisiana.[3] *Id.*

Without the presence of National Healthcorp, there would be complete diversity of citizenship between Plaintiff, a citizen of Mississippi and Louisiana, and Defendants, who would be considered citizens of Georgia, Tennessee, Texas and Delaware. Defendants contend, however, that the Mississippi and Louisiana citizenship of the National Healthcorp limited partners makes Defendant LTCS, L.P. a citizen of those states, thereby defeating diversity jurisdiction. Defendants contend that a limited partnership is deemed a citizen of all the states of which any of its partners are citizens for purposes of diversity jurisdiction under the decision of the Supreme Court in *Carden.* The Court agrees.

In *Carden,* a limited partnership organized under the laws of Arizona brought suit in Louisiana federal court, basing jurisdiction on diversity of citizenship, against two Louisiana citizens. The Louisiana defendants moved to dismiss for lack of jurisdiction because one of the partners in the plaintiff limited partnership was a citizen of Louisiana.

The district court denied defendants' motion to dismiss, and the United States Court of Appeals for the Fifth Circuit affirmed, holding that the citizenship of a limited partnership should be determined by reference to its general, but not limited, partners. *Carden,* 494 U.S. at 187, 110 S.Ct. at 1017; *Arkoma Associates v. Carden,* 874 F.2d 226 (5th Cir.1988).

The Supreme Court reversed, and held that for diversity purposes, a limited partnership is a citizen of each state of which its general and limited partners are citizens. In reaching its holding, the Court rejected the argument that a limited partnership is a citizen of the state of its creation, and rejected the argument that a limited partnership is a citizen of the state or states of which its general, but not limited, partners are citizens.

The Court recognized that a corporation is considered an "artificial person" and, as such, a citizen of the state of its incorporation. *Carden,* 494 U.S. at 187–88, 110 S.Ct. at 1017. The Court noted, however, a "firmly established" resistance to bestowing the same status upon other entities, and deemed "less than compelling" the argument that partnerships should be treated as corporations for citizenship purposes in light of the alleged similarity between the two types of entities. *Id.* at 189, 110 S.Ct. at 1018.

The Court also rejected the argument that only general partners, and not limited partners, of limited partnerships should be considered in determining citizenship. Considerations of management and operational control, the Court held, were irrelevant to citizenship for diversity jurisdiction purposes, because

> [w]e have never held that an artificial entity, suing or being sued in its own name, can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members.

*Id.* at 192, 110 S.Ct. at 1019.

Under *Carden,* therefore, a limited partnership is a citizen of all the states of which its partners are citizens. The state under the laws of which a limited partnership is organized is irrelevant for diversity jurisdiction purposes.

In the present action, unlike *Carden,* the Court is faced with a "two-tiered" limited partnership, in that the limited partnership litigant, Defendant LTCS, L.P., has a limited partner, National Healthcorp, that is itself a limited partnership. Plaintiff argues that *Carden* requires an inquiry only into the citizenship of the limited and general partners of the partnership that is a party to the proceeding. Plaintiff contends

---

3. Plaintiff contends that only one limited partner is a citizen of Louisiana, and Defendants contend that two limited partners are citizens of Louisiana. *See* Plaintiff's Response at 3, n. 1.

The numerical difference is irrelevant to the decision of the Court, however, because complete diversity can be defeated by only one non-diverse citizen.

that National Healthcorp is a citizen of Tennessee, the state under the laws of which it is organized. Further inquiry into the citizenship of the partners of National Healthcorp, under Plaintiff's rationale, is not mandated by *Carden*, because National Healthcorp is not a party to this action. Therefore, according to Plaintiff, Defendant LTCS, L.P., at least through the citizenship of National Healthcorp, is a citizen of Tennessee.

Plaintiff, however, cites no supporting authority and bases its argument on its own interpretation of *Carden*. The Court finds that Plaintiff's argument is without merit. There is nothing in *Carden* to indicate that its holding extends only to certain levels of limited partnerships. The Supreme Court neither expressly nor implicitly limited the meaning of "all the members," "the several persons composing such association," and "each of its members" to those individuals or entities that are partners in the litigant partnership. *Carden*, 494 U.S. at 195–96, 110 S.Ct. at 1021, *citing Chapman v. Barney*, 129 U.S. 677, 682, 9 S.Ct. 426, 427, 32 L.Ed. 800 (1889), *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456, 20 S.Ct. 690, 693, 44 L.Ed. 842 (1900), and *United Steelworkers of America v. R.H. Bouligny, Inc.*, 382 U.S. 145, 146, 86 S.Ct. 272, 272, 15 L.Ed.2d 217 (1965). Indeed, the Court was fully cognizant that its decision was "technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization." *Carden*, 494 U.S. at 196, 110 S.Ct. at 1021. This Court sees no reason to apply *Carden* only to a certain extent, and then revert to the method of determining citizenship expressly rejected by the Supreme Court.

Moreover, post–*Carden* case law demonstrates a liberal application of its holding. In a situation factually similar to the present action involving a two-tiered limited partnership, the United States District Court for the District of Colorado held that a limited partnership organized under Missouri law was a citizen of Montana, because Montana citizens were partners in a limited partnership which, in turn, was a limited partner in the limited partnership

litigant. *Richardson v. Edward D. Jones & Co.*, 744 F.Supp. 1023 (D.Colo.1990). The Fifth Circuit has extended *Carden* to entities other than limited partnerships. *See Temple Drilling Co. v. Louisiana Insurance Guaranty Assn.*, 946 F.2d 390 (5th Cir.1991) (Court held that insurance association, in which membership was a mandatory condition of doing business in Louisiana, had the citizenship of each of its members even though association was organized under Louisiana law); *Newport, Ltd. v. Sears, Roebuck and Co.*, 941 F.2d 302 (5th Cir.1991) (Court held that Louisiana partnership in commendam, a civil law creation similar to a limited partnership, was a citizen of every state of which its members were citizens).

The recent decision of the Fifth Circuit in *Whalen v. Carter*, 954 F.2d 1087 (5th Cir. 1992), demonstrates the extent to which *Carden* closes the federal courts to limited partnerships. In *Whalen*, the Fifth Circuit held that diversity jurisdiction did not exist in an action between a partnership in commendam and one of its partners, because the partnership, as a citizen of all the states of which its partners were citizens under *Carden*, had the same citizenship as the plaintiff partner. Because the plaintiff partner was a citizen of Alabama, the Court found that the partnership was a citizen of Alabama. *Id*. at 1095. The Court noted that "if partnerships are always to be considered citizens of the same states in which their partners are citizens ... partners could never assert diversity jurisdiction in a suit against the partnership," and conceded the "logical appeal" of an exception to the *Carden* rule that would allow limited partners to assert diversity jurisdiction against limited partnerships. The Court, however, refused to recognize such an exception. *Id*. at 1095, *citing Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir.1991) (no diversity of citizenship in action brought by limited partners against limited partnership), *and Curley v. Brignoli, Curley & Roberts Associates*, 915 F.2d 81, 84 (2d Cir.1990) (same).

Courts, therefore, have neither limited nor carved out an exception to *Carden*.

This Court will not do otherwise in the present action. Under *Carden*, a limited partnership has the citizenship of all of its members. Defendant LTCS, L.P. has as a limited partner National Healthcorp, which is itself a limited partnership. The citizenship of National Healthcorp, under *Carden*, is determined by reference to its limited partners, and not by reference to the state of its organization. National Healthcorp is therefore a citizen of Mississippi and Louisiana because it has partners from both states. Defendant LTCS, L.P., through the citizenship of National Healthcorp, is a citizen of Mississippi and Louisiana.[4] There is accordingly no diversity of citizenship between Plaintiff and Defendant LTCS, L.P.

The Court notes that in some situations the citizenship of a single individual provides the basis for diversity jurisdiction for an entire group or association. Shareholders bringing derivative actions can establish diversity jurisdiction based on their own citizenship. Fed.R.Civ.P. 23.1. In a class action, the citizenship of the class representative determines the citizenship of the class. Fed.R.Civ.P. 23(a); *Carden*, 494 U.S. at 199–200, 110 S.Ct. at 1023 (O'Connor, J., dissenting).

A corporation, moreover, is deemed to be a citizen of its state of incorporation as well as its principal place of business, but is not a citizen of the states of its shareholders. Plaintiff contends that limited partnerships should be treated as corporations for purposes of diversity jurisdiction. The Court is cognizant that limited partnerships, and particularly publicly traded limited partnerships with thousands of limited partners, possess a number of corporate characteristics. The Supreme Court acknowledged as much when it noted the "functional similarity" between limited partnerships and other types of commercial organizations. *Carden*, 494 U.S. at 196, 110 S.Ct. at 1021.

This area of the law, however, honors form and technical considerations. *Id.* The Supreme Court has stated the rule for determining the citizenship of limited partnerships, and Congress has not acted to change that rule. This Court, therefore, finds that complete diversity of citizenship is lacking between Plaintiff, a citizen of Mississippi and Louisiana, and Defendant LTCS, L.P., a citizen of Mississippi and Louisiana through its limited partner National Healthcorp. Accordingly, this Court lacks subject matter jurisdiction over the present action under 28 U.S.C. § 1332.

For the foregoing reasons, the Court finds that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is well taken and should be granted. A separate judgment will be entered in accordance with this opinion.

SO ORDERED.

---

4. Defendant LTCS, L.P. is also a citizen of Delaware, through limited partner VHA Enterprises and limited partner LTCS, Inc., and a citizen of Texas through VHA Enterprises.