Corvinus v. Petrolane, Inc.          CV-96-25-JD    04/28/97
                 UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE

Richard J. Corvinus, et al.

     v.                              Civil No. 96-25-JD

Petrolane Inc., et al.

                           O R D E R


     The plaintiffs, Richard and Lynn Corvinus, brought this
diversity action against the defendants, Petrolane, Inc. and
AmeriGas Propane, L.P., seeking damages related to an accident
caused by a direct vent propane heater installed by the
defendants' predecessor-in-interest in the plaintiffs' garage.
Before the court is the defendants' motion to dismiss for lack of
subject matter jurisdiction (document no. 31) and the plaintiffs'
motion to amend their amended complaint (document no. 33).


                          Background

     On January 17, 1996, the plaintiffs, New Hampshire citizens,
filed this action against AmeriGas, Inc., a Pennsylvania
corporation and Petrolane, Inc., a California corporation.
Following a hearing held on March 19, 1997, before Magistrate
Judge James Muirhead, the plaintiffs filed a motion to amend
their complaint to reflect a series of 1995 transactions through
which Petrolane, Inc. transferred a portion of its business

operations to AmeriGas Propane, L.P. and subsequently merged into and became Petrolane, Inc., a Pennsylvania corporation. As amended, the plaintiffs' complaint seeks relief against the "new" Petrolane, Inc., and AmeriGas Propane, L.P., a limited partnership organized under the laws of Delaware. AmeriGas Propane has one general partner and one limited partner, AmeriGas Partners, L.P., which itself is a limited partnership organized under the laws of Delaware. It is undisputed that AmeriGas Partners, L.P. has limited partners who are citizens of New Hampshire.

Discussion

The defendants contend that dismissal is warranted pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because the New Hampshire citizens who are limited partners of AmeriGas Partners, L.P. destroy "complete" diversity, and thus prevent the court from exercising its diversity jurisdiction under 28 U.S.C. § 1332.[1] The plaintiffs concede that the court lacks diversity

---

[1]In Carden v. Arkoma Assocs., the Supreme Court held that a limited partnership is considered a citizen of every state in which its general and limited partners are citizens. See 494 U.S. 185, 195 (1990). Where the partners of a limited partnership are themselves limited partnerships, the larger limited partnership is considered a citizen of every state in which the partners of the smaller limited partnerships are citizens. See, e.g., Richardson v. Edward D. Jones & Co., 744 F. Supp. 1023, 1025 (D. Colo. 1990).

2

jurisdiction over AmeriGas Propane, Inc. because of the lack of complete diversity, but argue that the court has diversity jurisdiction over Petrolane, Inc., and should exercise supplemental jurisdiction over the plaintiffs' claims against AmeriGas Propane, L.P. under 28 U.S.C. § 1367.

The plaintiffs' argument misperceives the court's ability to exercise supplemental jurisdiction under § 1367(a), which provides in pertinent part:

> [I]n any civil action <u>of which the district courts have original jurisdiction</u>, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action <u>within such original jurisdiction</u> that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C.A. § 1367(a) (West 1993) (emphasis added). This provision merely permits the court to entertain claims that are related to claims over which the court already has original jurisdiction. <u>See</u> <u>ZB Holdings, Inc. v. White</u>, 144 F.R.D. 42, 47 (S.D.N.Y. 1992).

Here, it is undisputed that the plaintiff's amended complaint, which is asserted against both Petrolane, Inc. and AmeriGas Propane, L.P., is lacking in complete diversity. Because complete diversity is necessary to invoke the court's original jurisdiction under 28 U.S.C. § 1332, the court does not possess original jurisdiction over the plaintiff's amended

3

complaint, and cannot exercise jurisdiction over the plaintiff's claims against AmeriGas Propane under § 1367(a).[2]  Accordingly, the court grants the defendants' motion to dismiss pursuant to Rule 12(b)(1).


## Conclusion

The defendant's motion to dismiss for lack of subject matter jurisdiction (document no 31) is granted.  The plaintiffs' motion

---

[2]The plaintiffs correctly note that 28 U.S.C. § 1367(b), which prevents the court from exercising supplemental jurisdiction over claims by the plaintiff against persons made parties under Fed. R. Civ P. 14, 19, 20, or 24 where such supplemental jurisdiction would be "inconsistent with the jurisdictional requirements of section 1332," is not applicable to this case because those rules have not been invoked to add a nondiverse party.  Contrary to the plaintiff's assertions, however, this conclusion does not mean that the complete diversity requirement of § 1332 is inapplicable to the plaintiff's amended complaint.  Rather, the court analyzes the complete diversity requirement in assessing whether the amended complaint falls within the court's original jurisdiction under § 1367(a).  This approach avoids the anomalous result of permitting a plaintiff's complaint to name a nondiverse party as a defendant, but preventing the same plaintiff from asserting the same claims against a nondiverse person made a party to litigation through third-party practice, joinder, or intervention.

4

to amend their amended complaint (document no. 33) is denied as moot.  The clerk is ordered to close the case.

    SO ORDERED.


                        _____
                        Joseph A. DiClerico, Jr.
                        Chief Judge

April 28, 1997

cc:  Richard A. Mitchell, Esquire
     Steven L. Smith, Esquire
     Charla Bizios Labbe, Esquire
     Frank W. Beckstein III, Esquire