**Vince WATKINS and Geraldine Watkins, Plaintiffs,**

**v.**

**The TERMINIX INTERNATIONAL COMPANY, LIMITED PARTNERSHIP, Defendant.**

**No. 94–1484–KHV.**

United States District Court, D. Kansas.

Sept. 4, 1997.

Robert T. Cornwell, Law Offices of Robert T. Cornwell, Wichita, KS, for Plaintiffs.

Thomas J. Lasater, Ron C. Campbell, Lyndon W. Vix, Fleeson, Gooing, Coulson & Kitch, L.L.C., Wichita, KS, for Defendant.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on plaintiff's Motion to Remand (Doc. # 49) filed July 25, 1997. Plaintiffs filed this action in the District Court of Sedgwick County, Kansas, and defendant removed it on November 4, 1994, pursuant to 28 U.S.C. § 1332. On January 26, 1996, the district court granted defendant's motion for summary judgment, finding that the applicable statute of limita-

tions barred plaintiffs' claims. The Clerk entered judgment for defendant on January 29, 1996, and plaintiffs timely appealed.

On appeal, the Tenth Circuit Court of Appeals questioned whether the district court had subject matter jurisdiction under 28 U.S.C. § 1332. Specifically, it noted that "[d]iversity jurisdiction is not pleaded or established properly in that the citizenship of the general and limited partners of the Terminix Limited Partnership was never pleaded, nor otherwise established." *Watkins v. Terminix Int'l Co., L.P.*, Nos. 96–3053 & 96–3078, slip op. at 2 (10th Cir. May 27, 1997). The Tenth Circuit remanded, with instructions that this Court prepare a supplemental record on the question of jurisdiction. *See id.* (citing *Penteco Corp. L.P.—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519 (10th Cir. 1991)). If diversity jurisdiction is not established, we must vacate the entry of summary judgment and remand the case to state court. *Id.* at 4–5.

### *Analysis*

In its notice of removal, defendant alleged that plaintiffs are residents of Kansas and that it is a Tennessee limited partnership with its principal place of business in Tennessee. The Tenth Circuit found that these jurisdictional allegations were insufficient because, for diversity jurisdiction to exist, "[t]he citizenship of each partner of a limited partnership must be diverse from that of each adverse party." *Id.* at 3 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)). Following remand, defendant filed an amended notice of removal which alleged that it is a Tennes-

see limited partnership whose general partners are Terminix International, Inc. and TSSGP Limited Partnership and whose one limited partner is ServiceMaster Consumer Limited Partnership.[1] TSSGP Limited Partnership is a Tennessee limited partnership with its principal place of business in Tennessee. ServiceMaster Consumer Services Limited Partnership is a Delaware limited partnership which also has its principal place of business in Tennessee.

Defendant asserts that these facts establish complete diversity of citizenship because none of the general or limited partners of Terminix are citizens of Kansas. The inquiry, however, does not end here. Whether TSSGP Limited Partnership and Service-Master Consumer Limited Partnership have citizenship which is diverse from that of plaintiffs depends upon the citizenship of their respective partners. Under *Carden*, the Court must look to the citizenship of all partners, including partners in a limited partnership which is itself a limited partner of the litigant. *See e.g., Magnolia Management Corp. v. Quest Rescue Partners–8, L.P.*, 792 F.Supp. 45, 50 (S.D.Miss.1992); *Richardson v. Edward D. Jones & Co.*, 744 F.Supp. 1023, 1025 (D.Colo.1990).

TSSGP Limited Partnership has one general partner and one limited partner.[2] The limited partner, ServiceMaster Consumer Services Limited Partnership,[3] is a Delaware limited partnership with one general partner and one limited partner.[4] Its limited partner is ServiceMaster Company Limited Partnership, which also has one general partner and one limited partner,[5] the limited partner being ServiceMaster Limited Partnership.

---

**1.** Terminix International, Inc., is incorporated in Delaware with its principal place of business in Tennessee. Its citizenship is diverse from that of plaintiffs. *See* 28 U.S.C. § 1332(c)(1).

**2.** The general partner, TSSGP Management Corporation, is incorporated in Tennessee and has its principal place of business in Tennessee. Its presence does not destroy diversity jurisdiction in this case. *See* 28 U.S.C. § 1332(c)(1).

**3.** ServiceMaster Consumer Services Limited Partnership is also the defendant's limited part-

ner. A separate analysis of its corporate structure is therefore duplicative.

**4.** The general partner, Service Master Consumer Services, Inc., is incorporated in Delaware and has its principal place of business in Tennessee. Its citizenship is therefore diverse from that of plaintiffs under 28 U.S.C. § 1332(c)(1).

**5.** The general partner of ServiceMaster Company Limited Partnership is ServiceMaster Management Corporation, a Delaware corporation with its principal place of business in Illinois. Thus

ServiceMaster Limited Partnership is a Delaware limited partnership with one general partner and a large number of limited partners—public investors who own limited partnership shares that are publicly traded on the New York Stock Exchange. As to these individual investors defendant asserts only that "[i]t is fair to assume that the identity of these investors changes every day and that on any given day there could be investors who are citizens of Kansas."

Defendant does not claim that complete diversity of citizenship existed when plaintiffs filed their action. *See Freeport–McMoRan, Inc. v. KN Energy, Inc.,* 498 U.S. 426, 428, 111 S.Ct. 858, 860, 112 L.Ed.2d 951 (1991) ("[N]othing in *Carden* suggests any change in the well-established rule that diversity of citizenship is assessed at the time the action is filed."); *see also Magnolia Management Corp.,* 792 F.Supp. at 47–48 (five out of over 3,000 limited partners in publicly traded limited partnership found non-diverse). Accordingly, defendant has not met its burden of establishing that diversity jurisdiction exists in this case.

**IT IS THEREFORE ORDERED** that the judgment entered on January 29, 1996, should be and hereby is vacated.

**IT IS FURTHER ORDERED** that this action be and hereby is remanded to the District Court of Sedgwick County, Kansas.

**IT IS FURTHER ORDERED** that a copy of this order shall be forwarded to the Clerk of the United States Court of Appeals for the Tenth Circuit.

under 28 U.S.C. § 1332(c)(1), its citizenship is diverse from that of plaintiffs.