**Tonya BARNES, Plaintiff,**

v.

**FARMLAND NATIONAL BEEF PACKING COMPANY L.P., Defendant.**

**No. 01–4090–SAC.**

United States District Court, D. Kansas.

Sept. 26, 2001.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

This personal injury case comes before the court on the defendant's motion to dismiss for lack of subject matter jurisdiction. (Dk.6). The plaintiff, an inspector for the United States Department of Agriculture, sues to recover for injuries suffered when she fell at a packing plant in Liberal, Kansas, that the defendant owned and/or operated. The plaintiff alleges diversity jurisdiction in that the plaintiff is a resident of Missouri and "the defendant is a limited partnership duly authorized and existing under and by virtue of the State of Delaware, with a principal place of business in the state of Kansas." (Dk.1, ¶ 2).

The defendant's succinct motion points to the rule that a limited partnership is a citizen of every state in which a partner, general or limited, is a citizen. The defendant attaches an affidavit from its "outside general counsel" that discloses the defendant's four partners, including "Farmland Industries, Inc., a Kansas corporation, limited partner with a principal place of business and executive offices in Missouri." (Dk.6). Arguing the defendant's motion is not ripe, the plaintiff attacks the defendant's affidavit as conclusory and insufficient to establish the citizenship of Farmland Industries. The plaintiff asks the court to permit discovery to test the "allegation" that the Farmland Industries' principal place of business is Missouri. In reply, the defendant points to the website for Farmland Industries as describing this corporation as headquartered in Kansas City, Missouri, and as a farmer-owned cooperative with sales in all fifty states and nearly sixty countries. Considering Farmland Industries' widespread and diverse business presence, the defendant maintains that the location of its executive offices is the paramount factor in determining the Farmland Industries' principal place of business.

A court lacking subject matter jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995). The lack of subject matter jurisdiction may not be waived or conferred by "consent, inaction or stipulation." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). As courts of limited jurisdiction, there is a presumption against federal court jurisdiction, and the party invoking federal jurisdiction bears the burden of proof. *Id.*

Upon a defendant's Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of proving jurisdiction. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991), *cert. denied*, 503 U.S. 984, 112 S.Ct. 1667, 118 L.Ed.2d 388 (1992). Rule 12(b)(1) attacks on subject matter jurisdiction typically are either facial attacks on the sufficiency of jurisdictional allegations or factual attacks on the accuracy of those allegations. *Holt v. United States*, 46 F.3d 1000, 1002–3 (10th Cir.1995). A facial attack questions the sufficiency of the allegations in the complaint as they relate to subject matter jurisdiction, and the district court in addressing this attack accepts the allegations in the complaint as true. *Holt*, 46 F.3d at 1002. The court, however, may ignore mere conclusory allegations of jurisdiction. *See Groundhog v. Keeler*, 442

F.2d 674, 677 (10th Cir.1971). In addressing a factual attack that goes beyond the complaint and challenges the facts on which subject matter jurisdiction depends, the court does not "presume the truthfulness of the complaint's factual allegations," but "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* at 1003. The court's reference to matters and evidence outside the pleadings does not necessarily require converting the 12(b)(1) motion to one for summary judgment. *Id.* The defendant's motion essentially attacks the plaintiff's complaint both facially and factually.

Federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exist. 28 U.S.C. § 1332; *see Carden v. Arkoma Associates,* 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) ("Since its enactment, [the Supreme Court] has interpreted the diversity statute to require 'complete diversity' of citizenship."). " 'A case falls within the federal district court's "original" diversity "jurisdiction" ... only there is no plaintiff and no defendant who are citizens of the same State.' " *Gadlin v. Sybron Intern. Corp.,* 222 F.3d 797, 799 (10th Cir. 2000) (quoting *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998)). It "attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Depex Reina 9 Partnership v. Texas Intern. Petroleum Corp.,* 897 F.2d 461, 463 (10th Cir.1990).

The plaintiff's jurisdictional allegations are "insufficient, because for diversity jurisdiction to exist, '[t]he citizenship of each [partner of a limited partnership must be diverse from that of each adverse party.' " *Watkins v. Terminix Intern. Co., Ltd. Partnership,* 976 F.Supp. 1397, 1398 (D.Kan.1997) (quoting *Watkins v. Terminix Int'l Co., L.P.,* No. 96–3053 & 96–3078, slip op. at 3 (10th Cir. May 27, 1997) (citing in turn *Carden v. Arkoma Associates.,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990))). In *Carden,* the Supreme Court addressed the citizenship of a limited partnership for diversity purposes holding that it "depends on the citizenship of 'all the members.' " 495 U.S. at 195, 110 S.Ct. 1737. The plaintiff's complaint fails to allege whether there are any partners, general or limited, whose Missouri citizenship would destroy diversity jurisdiction. *See Penteco Corp. Ltd. Partnership— 1985A v. Union Gas System, Inc.,* 929 F.2d 1519, 1523 (10th Cir.1991). In response to the defendant's motion to dismiss, the plaintiff does not offer to cure her defective allegations at this time. The court makes note of this as indicating an unwillingness to make a representation that would be subject to the standards of Rule 11(b) of the Federal Rules of Civil Procedure.[1]

By attaching an affidavit that identifies the partners of the defendant as well as their places of incorporation and principal places of business, the defendant also advances a factual attack to subject matter jurisdiction. A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28

---

1. By signing or filing a complaint with the court, the "attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —— ... the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed.R.Civ.P. 11(b)(3).

U.S.C. § 1332(c). The statute plainly contemplates that a corporation can have only a single principal place of business. *See Savis, Inc. v. Warner Lambert, Inc.*, 967 F.Supp. 632, 636 (D.Puerto Rico 1997). "When determining a corporation's principal place of business, a court should look to the 'total activity of the company' or the 'totality of the circumstances,' considering 'the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of its operations.'" *Gadlin*, 222 F.3d at 799 (quoting *Amoco Rocmount Co. v. Anschutz Corp.*, 7 F.3d 909, 915 & n. 2 (10th Cir.1993), *cert. denied*, 510 U.S. 1112, 114 S.Ct. 1057, 127 L.Ed.2d 377 (1994)). A leading treatise summarizes the application of this corporate activity rule:

> Consequently, when a corporation is engaged in a single line of business with its operating functions located in one state and executive and administrative offices in another state, its principal place of business for diversity purposes is the former state. Similarly, when a corporation divides its operations among more than one state, but its activities in one of those states clearly exceed all of the activities in other states, the state with the largest volume of operations is the principal place of business.... If, however, managerial control, as well as actual operations, is split among several states or is located in the same state as the executive offices, then the site of executive and administrative offices should be relied upon to determine a corporation's principal place of business for purposes of diversity jurisdiction. For example, this result is appropriate particularly in cases involving holding companies that own and control several different subsidiary corporations.

13B Charles Alan Wright, *Federal Practice and Procedure* § 3625 at pp. 625–32 (2d ed.1984); *see also Pine Ridge Realty Corp. v. Block & Company, Inc.*, No. 97– 2076–JWL, 1997 WL 292136, at *4 (D.Kan. May 16, 1997).

■■■ Other than complaining that the defendant's affidavit is conclusory, the plaintiff does not contest the averments made by the defendant's outside general counsel on grounds of competency, reliability, or accuracy. Indeed, the plaintiff tenders neither evidence nor even allegations to dispute the affiant's conclusions that Farmland Industries has its executive offices in Missouri and that its principal place of business is also in Missouri. This very averment is consistent with findings in reported case law. *see, e.g., Crook v. Kaneb Pipe Line Operating Partnership L.P.*, 231 F.3d 1098, 1099 (8th Cir.2000) (Farmland Industries is "a Kansas corporation with its principal place of business in Missouri."); *Great Rivers Co-op of Southeastern Iowa v. Farmland Industries, Inc.*, 934 F.Supp. 302, 303 (S.D.Iowa 1996) (Farmland Industries "is incorporated in Kansas and has its principal place of business in Missouri."), *aff'd*, 120 F.3d 893 (8th Cir.1997). The plaintiff offers the court no factual or legal basis for believing she could prove that Missouri is not the principal place of business for Farmland Industries. In light of common knowledge that Farmland Industries is a farmer-owned cooperative with a business presence in many, if not all, states, it appears that the site of Farmland Industries' executive offices is the determining factor when applying the total corporate activity rule. Under these circumstances, the court declines in its discretion to permit discovery on the limited issue of diversity jurisdiction. *See Savis, Inc. v. Warner Lambert, Inc.*, 967 F.Supp. 632, 641–42 (D.Puerto Rico 1997) ("[T]he Court will not order discovery on the issue of diversity jurisdiction unless the plaintiffs have already provided sufficient evidence of the parties' citizenship to instill in the Court a belief that further discovery would proba-

bly lead to proof of diversity and enable the plaintiff to establish subject matter jurisdiction. As the facts in this case are not nearly sufficient enough to support an assertion of diversity, the Court will not indulge plaintiff's request for additional discovery."). As the plaintiff has failed to allege the facts necessary for subject matter jurisdiction and has failed to come forth with any reasonable basis in fact for believing that she will be able to prove diversity jurisdiction exists here, the court grants the defendant's motion to dismiss and denies the plaintiff's request to delay its ruling pending discovery on thee issues.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss for lack of subject matter jurisdiction (Dk.6) is granted.