The **SHERWIN–WILLIAMS COMPANY**, Appellant,

v.

**TRINITY CONTRACTORS, INC.**, Appellee.

No. 10–92–251–CV.

Court of Appeals of Texas, Waco.

March 31, 1993.

Rehearing Denied May 12, 1993.

Steven R. McCown, Littler, Mendelson, Fastiff & Tichy, Dallas, Beverly Willis Bracken, Naman, Howell, Smith & Lee, P.C., Waco, for appellant.

J. Stephen Gibson, R. Brent Cooper and P. Scott Summy, Cowles & Thompson, Dallas, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

The Sherwin–Williams Company appeals a take-nothing judgment entered against it on its cross-claim for contribution against Trinity Contractors, Inc. Sherwin–Williams and Trinity were codefendants in a personal-injury case filed by Ronald and Monica Windham. In August 1990 Trinity was completing extensive renovations of a Sherwin–Williams paint-manufacturing plant under a $1.5 million contract. On August 16 Ronald Windham, an employee of a Trinity affiliate, sustained crippling leg and feet injuries when a paint-resin storage tank adjacent to the one he was working on exploded. At trial, a jury found that Sherwin–Williams' negligence in the design, construction, operation, or maintenance of the storage tank was a proximate cause of the explosion. The jury also found that Sherwin–Williams' negligence was a proximate cause of Windham's injury, but it returned a "no" answer as to Trinity and Windham. The jury awarded the Windhams over $4 million in actual damages. Finding that Sherwin–Williams was grossly negligent and that it acted with malice, the jury also awarded Windham $10 million in exemplary damages.

After the court rendered judgment in accordance with the verdict, Sherwin–Williams settled with the Windhams for $12.5 million. As part of the settlement, Sherwin–Williams obtained a "Release and Indemnity Agreement" from the Windhams to "settle all claims"; the trial court entered an agreed "Order" granting Sherwin–Williams' motion to disregard the jury's findings on gross negligence, malice, and exemplary damages and modifying the judgment to eliminate the award of exemplary damages; and the Windhams filed a "Satisfaction of Judgment" for all amounts entered against Sherwin–Williams for negligence. Thereafter, the court denied Sherwin–Williams' motion for new trial on its cross-claim for contribution against Trinity.

Sherwin–Williams now contends, in three points of error, that the court's charge unfairly singled out Sherwin–Williams by instructing the jury on the doctrine of *res*

*ipsa loquitur,* that the court erred in failing to submit instructions on Trinity's duties as a contractor performing work on the premises, and that the jury's failure to find that Trinity's negligence was a proximate cause of Windham's injury was against the great weight and preponderance of the evidence. The Windhams are not parties to this appeal.

Trinity responds that, because Sherwin–Williams is estopped to reassert its purported contribution claim, we need not address its points of error. We agree. Not only did Sherwin–Williams settle all of the Windhams' claims against it, it voluntarily satisfied the judgment that denied its cross-claim for contribution against Trinity.

▮ The essential prerequisites for a contribution claim are a judgment finding the party seeking contribution to be a joint tortfeasor and the payment by such party of a disproportionate share of the common liability.[1] Because neither of these prerequisites can be established under the judgment entered, Sherwin–Williams seeks a new trial on its cross-claim for contribution against Trinity. Sherwin–Williams, however, has waived its complaints as to the court's charge and the jury's failure to find Trinity negligent. Whether characterized as a settlement of the Windhams' entire claim or as a settlement of their exemplary-damages claim and a satisfaction of their negligence claim, the post-judgment release and satisfaction, taken together, act as a bar to Sherwin–Williams' appeal of the entire case.

Sherwin–Williams seeks a new trial on Trinity's negligence even though it has effectively precluded Trinity from relitigating Ronald Windham's negligence or the amount of the Windhams' damages. Because the matter of contributory negligence is not clearly separable from the liability and damages issues without unfairness to Trinity, we cannot reverse the judgment as to Trinity and order a new trial only on Sherwin–Williams' cross-claim for contribution.[2] Sherwin–Williams cites *Haring v. Bay Rock Corporation* for the proposition that payment of the Windhams' claims does not preclude it, as a judgment debtor, from pursuing its contribution rights against Trinity.[3] As in this case, in *Haring* there was no finding of negligence against the third party.[4] The right of contribution in *Haring,* however, arose out of a statute authorizing a named defendant to sue "a person who is not a party to the primary suit."[5] In this case, Trinity was a party to the primary suit. Not only has Sherwin–Williams already had its day in court against Trinity, its satisfaction of the judgment precludes relitigation of those issues.

▮ A party cannot treat a judgment as both right and wrong.[6] One who accepts the benefits of a judgment is thereafter estopped from challenging that judgment on appeal.[7] Although Sherwin–Williams claims that it has received no benefits from the judgment, by paying the Windhams' claims it has fixed its liability. More importantly, it has fixed the amount of damages for which it now seeks a right of contribution against Trinity, thus prejudicing Trinity's right to contest both liability and damages in the same trial.

Because Sherwin–Williams is estopped to reassert its purported contribution claim against Trinity, we affirm the judgment without reaching Sherwin–Williams' points on appeal.

1. *Beech Aircraft Corp. v. Jinkins,* 739 S.W.2d 19, 21 (Tex.1987).

2. *See* Tex.R.App.P. 81(b)(1).

3. 773 S.W.2d 676, 681 (Tex.App.—San Antonio 1989, no writ).

4. *See id.* at 679.

5. *Id.* at 680.

6. *Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950).

7. *Id.*