**TRUSSWAY, INC., et al., Appellants,**

v.

**Don A. WETZEL and Pamela G. Wetzel, Appellees.**

No. 09–94–264 CV.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 26, 1995.

Decided June 27, 1996.

Rehearing Overruled Aug. 20, 1996.

Wiley Anderson, Spring, Jerry J. Hamilton, Houston, Kent J. Pagel, Pagel, Davis & Hill, Houston, Thomas W. Long, Lori S. Vandebunt, Law Office of Michael R. Ross, Houston, for appellants.

John P. Cahill, Jr., Funderburk & Funderburk, Houston, Douglas R. Drucker, Wetzel, Herron & Drucker, The Woodlands, for appellees.

Before WALKER, C.J., and STOVER and NYE, JJ.

## OPINION

NYE,[1] Justice (Assigned).

This appeal arises from an action filed by homeowners Don and Pamela Wetzel for the inadequate construction of their residence, resulting in over one million dollars worth of damage. The central issue remains whether Appellant Trussway, Inc., the sole defendant held liable for the damages, has waived its right to complain of the trial court's judgment in light of a settlement agreement it reached with the Wetzels after the final judgment had been entered. We answer this question affirmatively. The judgment of the trial court is affirmed.

Don A. and Pamela G. Wetzel contracted with a multitude of architects and construction companies to build a home in The Woodlands, Texas. Appellant Trussway, Inc. was assigned to provide and employ the trusses necessary to support the structure. Ultimately, the trusses failed to provide adequate support, causing heavy damage to the residence. On July 13, 1992, the Wetzels sued the appellant Trussway, the numerous appellees, and several other entities not parties to this appeal. By their Third Amended Original Petition, the Wetzels alleged breach of contract and warranty, deceptive trade practices, misrepresentation, negligent misrepresentation, negligence, gross negligence, and strict liability. Trussway filed cross-claims for contribution and indemnity against all of the appellees for negligently failing to supply the proper information necessary to design trusses that would adequately support the construction of the home.

At the conclusion of the trial, the jury found Trussway and the appellees negligent in varying degrees, thus causing the damages suffered by the Wetzels. The jury also found liability on the part of Trussway for deceptive trade practices. The trial court, in its judgment, made a finding that this case was founded solely in contract and deceptive trade practices, and found the jury's answers with regard to negligence and gross negligence should be disregarded. The trial court entered judgment for the Wetzels and against appellant Trussway for $1,052,500.00 (one million fifty-two thousand and five hundred dollars) for actual damages, $125,000.00 for attorney's fees (pre-trial and trial), $137,000.00 in attorney's fees for appeal, and ten percent interest on the award. The court entered a take-nothing judgment against Trussway on its cross-claims for contribution and indemnity filed against Appellees. Trussway perfected its appeal.

Appellant filed its brief contending in six points of error the trial court erred by disregarding the jury's findings of negligence against the appellees, thereby depriving appellant of its purported right to contribution and indemnity.

On September 12, 1994, appellant Trussway and the Wetzels, the original complainants in this suit, signed a "Release of Judgment" as well as an "Agreement to Settle and Release," both of which were filed with the trial court on December 27, 1994. The terms of the agreement and release are set

1. The Honorable Paul W. Nye, sitting by assignment pursuant to Tex. Gov't Code Ann. § 74.003(b) (Vernon 1988).

out hereinafter. Appellant's brief was filed in mid-December 1994, following the Release of Judgment and the Agreement to Settle and Release.

Appellees contend appellant Trussway has waived any complaints it may have with regard to the trial court's judgment, and in particular the take-nothing judgments entered against Trussway and in favor of its cross-defendants (appellees), as Trussway has settled its claims with the Wetzels post-trial. We agree.

The judgment in this case specifically provides in pertinent part,

IT IS FURTHER ORDERED that Trussway take nothing on its cross-claims against Anderson & Associates, W. Anderson, Gatewood, Gatewood & Associates, Johnson, Gouche, and Deerfield. All other relief not expressly granted or denied herein is denied.

Post-trial, the Wetzels accepted $1,325,000.00 from Trussway in settlement of its claims against the truss maker. (The judgment required Trussway to pay $1,314,500.00 plus interest). In exchange, the Wetzels agreed to "ACQUIT, DISCHARGE AND RELEASE TRUSSWAY, INC., JAMES K. MEADE and THEIR INSURERS, *as well as other parties for whom they may be vicariously or otherwise liable. . . .*" (emphasis added).

As evidence of the agreement between the Wetzels and Trussway, a "Release of Judgment" was signed by the Wetzels and Trussway on September 12, 1994 and filed in the court's record on December 27, 1994. The document provides, in pertinent part,

. . . Don A. Wetzel and Pamela C. [sic] Wetzel, judgment creditors, recovered a judgment *against Trussway, Inc., judgment debtor,* for the sum of . . . $1,052,500.00, pretrial and trial attorneys' fees in the amount of . . . $125,000.00, and appellate attorneys' fees in the amount of . . . $137,000, together with costs of court and pre-judgment and post-judgment interest; and

WHEREAS, such judgment has been *compromised and settled* and the *consider-*

*ation for the same has been fully paid to the judgment creditors;*

NOW, THEREFORE, we, DON WETZEL and PAMELA WETZEL, acknowledge *full payment* for the compromise and settlement of such judgment and hereby *DISCHARGE and RELEASE* TRUSSWAY, INC., . . . *from such judgment . . . .* (emphasis added).

As further evidence of the negotiation between the parties, an "Agreement to Settle and Release" was signed by the Wetzels and Trussway on September 12, 1994, and filed December 27, 1994. This document provides, in pertinent part,

The plaintiffs filed suit against the defendants, *and other parties who are not specifically identified in the agreement,* and sought compensatory, exemplary and treble damages. . . .

The plaintiffs and the defendants recognize that bona fide disputes exist concerning the issues that may be raised in the appeal of the judgment. In order to resolve (1) all known and unknown claims and disputes that exist between the plaintiffs and the defendants as a result of the known and unknown defects and damages to the residence produced and/or proximately caused by the defendants, (2) the judgment and (3) the appeal, the plaintiffs and defendants have agreed to compromise and settle all known and unknown claims and disputes between them *as well as the underlying judgment from which the appeal has been perfected.* (emphasis added).

■ The execution of this settlement agreement post-trial precludes Trussway from now complaining of the trial court's judgment, which entered a take-nothing judgment against Trussway on its cross-claims for indemnity against all of the appellees. First, Trussway, having satisfied and accepted the trial court's judgment, cannot now attempt to attack it on appeal. Further, the contribution scheme which would otherwise be applicable to the facts of this case does not provide for indemnity in favor of Trussway. Additionally, a defendant that is party to a settlement agreement cannot then seek indemnity from its co-defendants.

## JUDGMENT SATISFIED

■ A party cannot treat a judgment as both right and wrong. One who accepts the benefits of a judgment is thereafter estopped from challenging that judgment on appeal. *Sherwin–Williams v. Trinity Contractors,* 852 S.W.2d 37, 39 (Tex.App.—Waco 1993, writ denied); *F.M. Smith v. Texas Commerce Bank–Corpus Christi,* 822 S.W.2d 812, 814 (Tex.App.—Corpus Christi 1992, writ denied).

In the *Sherwin–Williams* case, the plaintiffs sued Sherwin–Williams and Trinity Contractors for injuries sustained in an explosion. Sherwin–Williams filed a cross-claim against Trinity for contribution. The jury found Sherwin–Williams negligent, but found no negligence on the part of Trinity. Judgment was entered for the plaintiffs and against Sherwin–Williams, and a take-nothing judgment was entered against Sherwin–Williams on its cross-claim for contribution.

Sherwin–Williams then obtained a "Release and Indemnity Agreement" from the plaintiffs "to settle all claims," the court entered an order granting a motion to disregard the jury's findings of negligence and the like on the part of Sherwin–Williams (a motion filed by Sherwin–Williams), and the plaintiffs filed a "Satisfaction of Judgment" for all amounts entered against Sherwin–Williams in the judgment.

On appeal, Sherwin–Williams attempted to complain of the trial court's judgment (including the take-nothing judgment on its contribution claims), the evidence supporting it, and the court's charge. The Waco Court would not permit Sherwin–Williams to prevail on appeal, holding, "Not only did Sherwin–Williams settle all of the [plaintiffs'] claims against it, *it voluntarily satisfied the judgment that denied its cross-claim for contribution against Trinity." Sherwin–Williams,* 852 S.W.2d at 39 (emphasis added). The Court held the post-judgment release and satisfaction, taken together, barred Sherwin–Williams' appeal of the entire case:

> Sherwin–Williams seeks a new trial on Trinity's negligence even though it has effectively precluded Trinity from relitigating [plaintiff's] negligence or the amount of [plaintiff's] damages. Because the matter of contributory negligence is not clearly separable from the liability and damages issues without unfairness to Trinity, we cannot reverse the judgment as to Trinity and order a new trial only on Sherwin–Williams' cross-claim for contribution.... *Not only has Sherwin Williams had its day in court against Trinity, its satisfaction of the judgment precludes relitigation of those issues.*

*Id.* at 39 (emphasis added). Sherwin–Williams benefitted from the judgment by fixing the liability in this case when it entered into the settlement agreement, thereby prejudicing Trinity's ability to contest the damage amount and the negligence of the plaintiffs.

In *F.M. Smith v. Texas Commerce Bank,* the Corpus Christi Court of Appeals held, "A judgment cannot be treated as right and wrong by the same party. The general rule is acceptance of benefits and efforts to enforce a judgment estops a party from challenging the trial court's judgment." *Id.* at 814. In the *Smith* case, appellant complained of the trial court's judgment partitioning trust property. However, after rendition of the judgment, appellant moved the court to enforce the judgment. Appellant accepted certain benefits from the judgment, including partial payment of the judgment from one party.

■ A litigant who voluntarily accepts a judgment cannot then challenge it by appeal. He is estopped from doing so unless a reversal of the judgment could not possibly affect the party's right to the benefit accepted under the judgment or unless economic circumstances are such the party could not have acted voluntarily. *Id.* at 814.

■ In the case at bar, Trussway accepted the benefit of the judgment entered by the trial court by fixing its potential damages. Trussway may not fix the amount of damages incurred by the Wetzels, preclude the appellees from relitigating that issue, and then subject the appellees to a retrial solely on the issue of Trussway's contribution claims. Now that Trussway has had its day in court against the appellees, its satisfaction of the judgment precludes relitigation of those is-

sues. Trussway cannot now complain of the very same judgment on appeal.

## CONTRIBUTION STATUTORILY UNAVAILABLE

With regard to Trussway's right to indemnity and contribution in this case, the various contribution schemes in Texas and their applicability to the myriad of causes of action which may be filed are explained in *Stewart Title Guaranty Co. v. Sterling*, 822 S.W.2d 1, 5 (Tex.1991). We look to the theories of liability adjudged against the joint tortfeasors to determine which scheme applies. *Beech Aircraft Corp. v. Jinkins*, 739 S.W.2d 19, 20 (Tex.1987). Because the theory of liability adjudged against Trussway lay in the DTPA, and no death or personal injury was involved, the only contribution scheme applicable to the case is that pronounced in TEX. CIV. PRAC. & REM.CODE sec. 32.001, *et seq.* These provisions hold very specifically, "A person against whom a judgment is rendered has, on payment of the judgment, a right of action to recover payment from each codefendant *against whom judgment is also rendered.*" (emphasis added). Similarly, section 32.003(a) states, "The person may recover from each codefendant *against whom judgment is rendered* an amount determined by dividing the number of all *liable* defendants into the total amount of the judgment." (emphasis added).

The *judgment in the case before us* holds Trussway solely liable for all of the damages sustained by the Wetzels, to the exclusion of all other named defendants. Consequently, Trussway is precluded from seeking contribution from the appellees because none of the appellees had a judgment rendered against them and in favor of the Wetzels; none were found liable. This judgment, specifically obfuscating the liability of these cross-defendants, was accepted and satisfied by Trussway post-trial.

## CASELAW

The Texas Supreme Court set out the essential prerequisites for a contribution claim in *Beech Aircraft Corp. v. Jinkins*, 739 S.W.2d 19, 21 (Tex.1987). A party may seek contribution when a judgment is entered finding that party to be a joint tortfeasor, and when such party makes a subsequent payment of a disproportionate share of the common liability. The right to contribution is predicated upon a legally enforceable judgment; "a mere settlement agreement which was not reduced to judgment form would not satisfy the prerequisites to recovery under [TEX. CIV. PRAC. & REM.CODE sec. 32.001, et seq. (discussed above) ]." *Iowa Manu. Co. v. Weisman Equip. Co.*, 667 S.W.2d 209, 214 (Tex.App.—Austin 1983, writ ref'd n.r.e.) (opin. on reh'g). In *Iowa Manufacturing*, the plaintiff and one defendant, Iowa, entered into an agreed judgment pretrial, which expressly disclaimed liability on the part of *both* Iowa and Weisman, another defendant named in the suit. Iowa then sued Weisman under a contribution theory.

The Court held because a *judgment* had been entered against the plaintiff, releasing both defendants from all further claims or causes of action by the plaintiff, the defendants could now sue each other for indemnity and contribution. *Id.* at 213.

In *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816 (Tex.1984), the trial court's judgment denied Beech's cross-claim for indemnity and contribution against its co-defendant. The Court held contribution is available only to a joint tortfeasor. In this case, a pre-trial settlement was entered into by one defendant, Metro, and the plaintiffs. Metro then moved for contribution and indemnity from its codefendants. The Court held the settlement agreement releasing Metro from all liability, pre-trial, extinguished Metro's right to contribution. *Id.* at 819. Metro was not a joint tortfeasor under the judgment. The Court discussed the concept of collateral estoppel as it applies to settlements, and noted "due process requires the rule of collateral estoppel operate ... against persons who have had their day in court either as a party to the suit or as a privy ..." *Id.* at 819, *quoting Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex.1971).

Appellant cites *Haring v. Bay Rock*, 773 S.W.2d 676 (Tex.App.—San Antonio 1989, no writ), and *Getty Oil Corp. v. Duncan*, 721 S.W.2d 475 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.), to support its position that it may seek contribution from appellees. However, these cases are inapplicable. In *Getty Oil*, the plaintiff sued Getty and nu-

merous co-defendants for personal injury. Getty filed cross-claims against its co-defendants. The jury found only Getty to be negligent. Getty then settled with the plaintiff post-trial. On appeal, Getty complains of the jury's finding that only Getty was negligent, and of the court's charge. Getty raised no points of error with regard to its cross-claim. The Corpus Christi Court noted the settlement in this case was apparently reduced to a judgment and that all issues involving the settling parties were ordered dismissed. The Court held,

> There exists a valid judgment disposing of all the parties and issues made the basis of the suit. The cross-defendants cannot be subjected to further liability by the plaintiff. Therefore, the post-judgment settlement does not extinguish appellate review of Getty's contribution claims against the cross-defendants.

*Id.* at 476.

In the case at bar, the settlement was not reduced to a judgment; all issues involving the settling parties were not ordered dismissed.

In *Bay Rock*, the plaintiff sued the defendant and received judgment in its favor for over $765,000. The defendant then settled with the plaintiff for $300,000 post-trial. The defendant *then* sued a third party, not named in the first action, for contribution. The Court held, "We see no reason why the law should penalize the defendant, a judgment debtor, for paying a final judgment for less than its face value which reduces the potential liability of the third party." *Id.* at 681.

*Bay Rock* was governed by TEX. CIV. PRAC. & REM.CODE sec. 33.017, which has since been repealed. That section provided all claims for contribution had to be determined in the main action, "but a named defendant may sue a person who is not a party to the primary suit and who has not settled with the claimant." *Id.* at 680–681. Notwithstanding the fact that the particular statute has been repealed, were it still in effect, the appellees in the case at bar were all parties to the original cause of action.

## CONCLUSION

The caselaw remains express that one cannot gain benefit from a judgment, then at-tempt to attack that judgment at a later time. A party cannot be satisfied with a judgment on the one hand, yet complain of it on the other.

In our case, judgment was entered in favor of the Wetzels and solely against Trussway, to the exclusion of all other named defendants. Trussway's cross-claims for contribution and indemnity were met with a take-nothing judgment as well. Nevertheless, Trussway settled the judgment, entering a settlement and release agreement. Nothing in the release and settlement agreement even remotely made mention of the cross-claims Trussway had originally filed against its co-defendants.

Moreover, the contribution scheme applicable here, TEX. CIV. PRAC. & REM.CODE sec. 32.001, *et seq.*, expressly requires that those from whom a claimant does seek contribution must be parties to the judgment. The cross-defendants in our case are not parties to the original judgment.

Finally, an agreed judgment was not entered in this case, but rather a settlement agreement. According to *Bonniwell, Iowa Manufacturing*, and the like, a defendant who is a party not to a judgment but to a settlement agreement cannot then seek indemnity from its co-defendants. In order to seek contribution, a party must be joint tortfeasor under the judgment. Such was not the case here.

Trussway is estopped to contest the judgment entered by the trial court in this case, having settled the entire judgment. Trussway was "discharged and released" from the judgment pursuant to its own agreement. No other defendant was named in that judgment, as a joint tortfeasor or otherwise. The court's rendition of judgment solely against Trussway, and the take-nothing judgment on all of Trussway's cross-claims is final and not to be collaterally attacked.

The foregoing discussion having addressed all points of error raised on appeal. The judgment of the trial court is AFFIRMED.

AFFIRMED.